# EXHIBIT 1

AO 93 (Rev. 12/09) Search and Seizure Warrant         AUSA Roger Stefin

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched* )<br>*or identify the person by name and address)* )<br>a business located at 2521 Metrocentre Boulevard, West )<br>Palm Beach, FL 33407, more particularly described in )<br>Attachment A )<br>) | Case No.  13-8050-JMH |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Southern     District of     Florida    
*(identify the person or describe the property to be searched and give its location):*
a business located at 2521 Metrocentre Boulevard, West Palm Beach, FL 33407, more particularly described in Attachment "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*
See Attachment "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     2/12/13    
                                                                                                  *(not to exceed 14 days)*

☒ in the daytime  6:00 a.m. to 10 p.m.       ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
James M. Hopkins                                                                 .      *duty*
                         *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐for _____ days *(not to exceed 30).*
                                                                    ☐until, the facts justifying, the later specific date of _____.

Date and time issued:  1/29/13 9:07pm      *James M. Hopkins*
                                                                                              *Judge's signature*

City and state:    West Palm Beach, FL         James M. Hopkins, U.S. Magistrate Judge
                                                                                    *Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED by _____ D.C.

JAN 29 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
a business located at 2521 Metrocentre Boulevard, West Palm Beach, )
FL 33407, more particularly described in Attachment A )
)

Case No. 13-8050-JMH

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
a business located at 2521 Metrocentre Boulevard, West Palm Beach, FL 33407, more particularly described in Attachment A

located in the _____ Southern _____ District of _____ Florida _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1347 | Health Care Fraud. |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Erin A. Sidebotham, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/29/13

City and state: West Palm Beach, FL

_____
*Judge's signature*

James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 1-31-13

## ATTACHMENT A
## PLACES TO BE SEARCHED

## 2521 METROCENTRE BOULEVARD, WEST PALM BEACH, FL 33407
*Legal Description: METROCENTRE CORP PARK LT 3*
*PCN: 74-43-43-06-12-000-0030*

The premise located at 2521 Metrocentre Boulevard, West Palm Beach, Florida 33407, is described as a single story light blue office building with a flat roof (as seen in photograph #1). The building is located on the north side of Metrocentre Boulevard with the front entrance facing southwest. The number 2521 is posted on the diagonal corner of the building (as seen in photograph #2). On the south side of the office building, the letters stating "VITREO-RETINAL CONSULTANTS EYE CENTER" is affixed to the side of the building (as seen in photograph #3).

Photograph #1



Photograph #2



Photograph #3



## ATTACHMENT "B"
## ITEMS TO BE SEIZED

The following items and records, including those records that are electronically stored:

1. All files of patients listed on Attachment "C" as identified by their Health Insurance Claim Nos (HICN);

2. Any and all records related to the submission of claims to Medicare or other insurance programs, related to the patients listed in Attachment "C", including but not limited to, claim forms, remittance advice forms, payment records, copies of Medicare cards, copies of explanation of benefit forms, records showing the receipt of Medicare payments, correspondence.

3. Any and all Medicare manuals, bulletins and updates;

4. Documents, manuals, instructional materials, related to the diagnosis and treatment of macular degeneration as well as the use of equipment related to the diagnosis of macular degeneration, including laser photocoagulation, laser surgery, fluorescein angiograms, OCT, fundus photography and indocyanine-green angiograms (ICG);

5. Any and all financial records, documents, and materials related to MELGEN VITREO RETINAL EYE CENTER also known as VITREO-RETINAL CONSULTANTS OF THE PALM BEACHES, P.A., including but not limited to correspondence, bank records, checkbooks, copies of checks, check stubs, check registers, vouchers, invoices, journals, wire transfers, canceled checks, loan records and records of transfers of funds; and other financial records establishing the disposition of proceeds from January 2010 to the present;

6. Any and all corporate records for MELGEN VITREO RETINAL EYE CENTER and VITREO-RETINAL CONSULTANTS OF THE PALM BEACHES, P.A., including but not limited to corporate documents and all amendments thereto and all minutes of Board of Director meetings;

7. Any and all company training materials, manuals, patient lists, marketing materials, policies or directives relating to the administration of or billing for ophthalmological procedures applicable to employees, agents, independent contractors, representatives, sales persons, or marketers in the performance of their duties.

8. Any and all accounting records for MELGEN VITREO RETINAL EYE CENTER and VITREO-RETINAL CONSULTANTS OF THE PALM BEACHES, P.A., including but not limited to all general and subsidiary ledgers, including balance sheets, income statements, financial statements, work papers, check registers, expense reports and all underlying documentation from January 2010 to the present;

9. Any and all personal and payroll record of those employees, agents, independent contractors, or representatives related to, paid by or associated with Dr. Salomon Melgen or the MELGEN VITREO RETINAL EYE CENTER and VITREO-RETINAL CONSULTANTS OF THE PALM BEACHES, P.A. Such personnel records may include employment agreements, contracts, correspondence, application, resumes, records of position held, job descriptions, telephone numbers, records of remuneration or wages, and other documents that reflect the names and identifying information of employees, agents, independent contractors, and representatives, from January 2010 to the present.

10. Patient sign in sheets, appointment books, patient logs, and medical test or service logs; call logs (regardless of format) or diaries of Dr. Salomon Melgen or the MELGEN VITREO RETINAL EYE CENTER and VITREO-RETINAL CONSULTANTS OF THE PALM BEACHES, P.A., related to the patients listed on Attachment C.

11. For any computer, computer hard drive, or other physical object upon which computer data can be recorded or maintained (hereinafter, "COMPUTER") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

    a.  All electronic imagery, photographs, data, relating to the testing and diagnosis of all patients treated at the subject premises, including but not limited to fundus photography, Laser photocoagulation, fluorocein angiogram, OCT, ICG and any other testing performed on any patient, from the inception their records to the present.

    b.  Logs, registry entries, configuration files, usernames and passwords, documents, browsing history, user profiles, email, email contacts, chats, instant messaging logs, photographs, and correspondence evidencing who who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as;

    c.  evidence of software that would allow others to control the COMPUTER, such as Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    d.  evidence of the lack of such malicious software;

    e.  evidence of the attachment to the COMPUTER of other storage devices or similar containers of electronic evidence;

    f.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

  g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

  h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

  i. contextual information necessary to understand the evidence described in this attachment.

 As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form ( such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, prints, slides, negatives, videotapes, motion pictures, or photocopies).