**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **No. 2:15-cr-155** |
| | ) | **Hon. William H. Walls** |
| ROBERT MENENDEZ and | ) | |
| SALOMON MELGEN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**UNITED STATES' RENEWED CIPA § 5(b) MOTION TO PRECLUDE EVIDENCE**
**BASED ON DEFENDANT MENENDEZ'S INADEQUATE NOTICE UNDER CIPA § 5(a)**

On September 26, 2016, the Government filed a Section 5(b) motion to preclude evidence under the Classified Information Procedures Act ("CIPA"), Dkt. No. 143-1, and filed a reply in support of its motion on October 12, 2016, Dkt. No. 151. In its pleadings, the Government seeks to preclude the disclosure of any classified information at trial and prohibit the examination of any witness with respect to any such classified information. The Government seeks this relief in light of defendant Menendez's repeated failure to comply with his statutory obligations under CIPA Section 5(a) to provide adequate notice of any such classified material he intends to use at trial. Rather, defendant Menendez's deficient Section 5(a) notices demonstrate that he is merely misusing the statute in an effort to contrive a defense.

On November 2, 2016, this Court ruled that it would defer consideration of the Government's pending Section 5(b) motion until the mandate returns from the court of appeals. Dkt. No. 152. On March 20, 2017, the Supreme Court denied defendant Menendez's petition for certiorari, declining his request to review the Third Circuit's unanimous panel decision rejecting his assertion of legislative immunity. The mandate returned to this Court yesterday. Dkt. No. 155.

1

Thus, the Government respectfully requests that the Court grant the Government's pending CIPA Section 5(b) motion.

Throughout the parties' CIPA litigation, defendant Menendez has failed to satisfy CIPA Section 5(a)'s notice requirement, despite being provided numerous opportunities and many months to do so. The deficiencies in his notices are obvious on their face, which defendant Menendez acknowledged in his initial notice, *see* Dkt. No. 92 at 1, and at the September 17, 2015, hearing, *see* Sept. 17, 2015, Tr. at 208-11. It is clear from his inadequate notices that defendant Menendez does not possess any relevant classified information, and is instead improperly using CIPA as a statutory vehicle to concoct a non-existent defense. If defendant Menendez did possess relevant classified information, then he would have noticed it sufficiently, as required by law, in one of his multiple attempts. And if he does possess relevant classified information, the law does not permit him to conceal his particularized classified evidence with generalized descriptions only to reveal it on the eve of trial after having received multiple opportunities from the Court to perfect his notice.

Defendant Menendez's subpoenas to Executive agencies prove the point. Defendant Menendez has asserted that he intends to "submit additional CIPA § 5 filings" based on what he receives in response to "unresolved subpoenas to federal agencies." Dkt. No. 148 at 2. These subpoenas have been unresolved for twenty months, and the defense has effectively abandoned them. Moreover, CIPA was not designed to give defendants an opportunity to fish for classified information. To the contrary, it would undermine the protective purposes of the statute to enable a defendant to contrive a defense by compelling the production of classified documents the defendant does not even know exist, as defendant Menendez seeks to do here. Defendant Menendez's qualification that future notices depend upon the future production of documents from

third parties demonstrates that such documents have no relevance to this trial, since any such documents could not have affected his intent during the charged conduct if he did not learn of the documents' existence until years after he committed the conduct in question.   Defendant Menendez's deficient notices demonstrate that he does not possess any relevant classified information.  That demonstration compels the Government's requested relief.

### CONCLUSION

The Court should grant the Government's Section 5(b) motion to preclude.

ANNALOU TIROL
ACTING CHIEF
PUBLIC INTEGRITY SECTION


By:      s/ Peter Koski
Peter Koski
J.P. Cooney
Deputy Chiefs
Monique Abrishami
Amanda Vaughn
Trial Attorneys
Public Integrity Section
1400 New York Ave. NW
Washington, D.C. 20005
Telephone:  (202) 514-1412
Facsimile:  (202) 514-3003

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: April 18, 2017                    <u>s/ Peter Koski</u>
                                         Peter Koski
                                         J.P. Cooney
                                         Deputy Chiefs
                                         Monique Abrishami
                                         Amanda Vaughn
                                         Trial Attorneys
                                         Public Integrity Section
                                         Criminal Division
                                         U.S. Department of Justice