UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | **ORDER** |
| v. | Crim No. 15-cr-155 |
| ROBERT MENENDEZ and SALOMON MELGEN, | |
| Defendants. | |

**Walls, Senior District Judge**

Defendants Menendez and Melgen have moved to dismiss the Superseding Indictment under *McDonnell v. United States*, which narrowed the definition of an "official act" under the federal bribery statute. *See McDonnell v. United States*, 136 S. Ct. 2355, 2367-69 (2016) ("setting up a meeting, calling another public official, or hosting an event does not, standing alone, qualify as an 'official act'").

Whether the acts alleged in the Superseding Indictment satisfy the definition of an "official act" under *McDonnell* is a factual determination that cannot be resolved before the Government has the opportunity to present evidence at trial. *See United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011) (a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence). Under *McDonnell*, evidence of non-official acts may still be relevant evidence in the prosecution of a federal bribery claim. "It is up to the jury, under the facts of the case, to determine whether the public official

agreed to perform an 'official act' . . . the jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question." *McDonnell*, 136 S. Ct. at 2371. The allegations of the Superseding Indictment are not legally deficient to prevent their going to a jury. *See Bergrin*, 650 F.3d at 268.

> Of course, this is not to say that setting up a meeting, hosting an event, or making a phone call is always an innocent act, or is irrelevant, in cases like this one. If an official sets up a meeting, hosts an event, or makes a phone call on a question or matter that is or could be pending before another official, that could serve as evidence of an agreement to take an official act. A jury could conclude, for example, that the official was attempting to pressure or advise another official on a pending matter. And if the official agreed to exert that pressure or give that advice in exchange for a thing of value, that would be illegal.

*McDonnell*, 136 S. Ct. at 2371.

For good cause therefor, the Court reserves its consideration of Defendants' motion to dismiss until the conclusion of the presentment of evidence at trial. It is so ORDERED.

DATE: 8 August 2017

William H. Walls
Senior United States District Court Judge