# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

ROBERT MENENDEZ

 and

SALOMON MELGEN,

Defendants.

Crim. No. 2:15-cr-00155
Hon. William H. Walls

## DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS

Abbe David Lowell
Jenny R. Kramer
Christopher D. Man
**NORTON ROSE FULBRIGHT US LLP**
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5600

Raymond M. Brown
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, N.J. 07095
(732) 476-3280

Stephen M. Ryan
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

*Counsel for Defendant*
*Senator Robert Menendez*

Kirk Ogrosky
Murad Hussain
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
601 Massachusetts Avenue, N.W.
Washington, D.C. 20004
(202) 942-5330

Jonathan D. Cogan
Samuel A. Stern
**KOBRE & KIM LLP**
2 South Biscayne Boulevard, 35th Fl.
Miami, FL 33131
(305) 967-6108

*Counsel for Defendant*
*Dr. Salomon Melgen*

## I.      PRELIMINARY INSTRUCTIONS—AT BEGINNING OF TRIAL

### DEFENDANTS' JOINT PRELIMINARY REQUEST NO. 1
### Identification Of Counsel And The Charges

This criminal case has been brought by the United States government.  I will sometimes refer to the Government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys Peter Koski, Monique Abrishami, J.P. Cooney and Amanda Vaughn.  Senator Menendez and Dr. Melgen are each represented by their own attorneys.  Kirk Ogrosky, Murad Hussain, Jonathan Cogan and Sam Stern represent Dr. Salomon Melgen.  And Abbe Lowell, Jenny Kramer, Raymond Brown and Greg Hilzer represent Senator Robert Menendez.

It is proper and normal for Senator Menendez and Dr. Melgen to be represented by separate, independent counsel, and for all parties to have multiple attorneys and assistants involved.  In a case of this size, this number of attorneys and assistants is not unusual.  You should not let the number of representatives in the courtroom affect your consideration in any way.[1]

Senator Menendez and Dr. Melgen are being tried together because the government has charged that the case in that manner.  But you will have to give separate consideration to the case against each Defendant as if he was being tried separately.  Do not think of Senator Menendez and Dr. Melgen as a group.   You must separately consider the evidence against Senator

---

[1] This paragraph is from 1 L. Sand, *et al*., *Modern Federal Jury Instructions* (Crim.) Instr. 2-10 (Counsel Cooperation) (second paragraph).

Menendez and Dr. Melgen on each offense charged, and you must return a separate verdict for each Defendant on each offense.[2]

The indictment itself and number of offenses charged are not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.  Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.[3]

---

[2] The last sentence is from *Third Circuit Pattern Jury Instructions* 1.16 (Separate Consideration – Multiple Defendants Charged with the Same Offenses) (fourth sentence); *see also* 1 L. Sand, *Modern Federal Jury Instructions (Crim.)*, Instr. 3-8 (2009).

[3] The last paragraph is from *Third Circuit Pattern Jury Instructions* 1.14 (Separate Consideration – Single Defendant Charged with Multiple Offenses).

**DEFENDANTS' JOINT PRELIMINARY REQUEST NO. 2**[4]
**Presumption Of Innocence And Reasonable Doubt; Kinds Of Evidence; Duty Of Jurors**

The government charges and accuses Senator Menendez and Dr. Melgen of having committed crimes.  And the government has that burden of attempting to prove, beyond a reasonable doubt, its charges against Senator Menendez and Dr. Melgen.  It will be up to you to decide whether the government meets its burden.  As I stress, the government always has the burden to prove guilt of anyone accused of crime beyond a reasonable doubt.  Senator Menendez and Dr. Melgen have no burden of trying to prove their innocence.  Each Defendant is presumed innocent by our law, so he does not have to do anything.  The government has to do something in order for you to eventually determine whether the government has met its burden.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

You are going to be the factfinder.  I play no part in finding the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be.  My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions about the law.  Each of the instructions is

---

[4] This instruction is largely the instruction that this Court recently gave in *United States v. Greenspan*, No. 16-CR-114, but it has been slightly modified to address this specific case and, in places, to quote more directly from Third Circuit Model Criminal Jury Instruction 1.02.

important.  You must not substitute your own notion or opinion about what the law ought to be. You must follow the law that I give to you, whether you agree with it or not.[5]

You are going to determine what did or did not happen, beyond a reasonable doubt, in the period charged by the government which is January 2006 to January 2013.  When you hear the expression of 2006 to 2013, guess what comes to mind?  It comes to my mind, anyway.  We are dealing with history.  We are not dealing with anything that is contemporaneously occurring. This is not real time by any stretch of the imagination.  You are dealing with something that happened 10, 11 years ago during a certain period.  In order for you to find out what did or did not occur, you will have the benefit of people coming on the stand sworn to tell the truth that will say back in 2006, or 2008, or 2010 this did or did not occur.  They won't have any television showing you contemporaneous you-are-there type of real-life experience.  They are going to depend upon their memory and you will depend upon your assessment of their believability as a witness.  That's your main task.  Your main task is to assess the believability of witnesses who take that stand, who are sworn to tell the truth, who may or may not tell it.  Your overall task is to assess the evidence, and evidence comes in various forms.  And although I have not viewed it, it will come in the way of people answering questions put to them by these attorneys.  There are other forms of evidence.  I'm quite sure all of you know, for example, if these eyeglasses were to be admitted into evidence, they would constitute physical evidence.  But, when I refer to people talking to you from the stand, I refer to oral evidence coming from the mouth.  As I said, your job is to evaluate the quality of all the evidence, both physical and oral.  There are some other forms of evidence, too, that we will talk about later such as circumstantial and direct.  But, that's

---

[5] The preceding two paragraphs have been expanded upon to include language directly from Third Circuit Model Criminal Jury Instruction 1.02.

not that important at this point to discuss with you.  My point is that you have to evaluate the believability of what he or she, a witness on that witness stand, tells you did or did not happen.  So, in order for you to do that as best you can, you are going to have to be attentive and you are going to have to be silent.  That is to say you are not to discuss your reactions to what comes to you from that stand with anyone.  You are not to go home and say, guess what, I'm trying this case and blah, blah, blah and this happened.  Next thing you know your friend or your partner or your relative or spouse says, you know, I read about a case that happened down in Atlanta.  And before you know it he or she is talking about something they said happened in Atlanta or anywhere else in the country.  And what's happened is you've been contaminated.  You've heard about another case.  Next thing you know it may be difficult for you to separate what happened in Atlanta from what is being told to you happening here in Newark.

So, therefore, my instructions to you about being silent go a little further as well.  During the course of this trial we will meet with each other for the better part of, I think, probably a six or seven weeks.  There may be occasions when this trial is mentioned in the newspaper.  You are not to read the newspaper account for various reasons, but, for the basic reason that you are here.  You don't need to have a newspaper tell you what did or did not occur as far as the trial is concerned.  You are not going to let a newspaper account color your ability to be impartial.

Until the trial is over I suggest that you avoid reading any newspapers or news journals at all, including news sites on the internet, and avoid listening to any TV or radio newscasts at all.  I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  As I instructed you during jury selection, you are also not to allow search the internet or go to sites where the news or the headlines may be covering this trial.  You are not to allow push

notification or alerts from any source that might include anything about this trial.  You will have to turn those features off on your smart phones and devices.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  It is important for you to understand that this case must be decided only by the evidence presented in the courtroom and the instructions I give you.[6]

Because I want you to be impartial up until the time I tell you to retire to reach a verdict into your jury room.  At that time you can become as partial as you want to.  You can say I don't believe him, I believe her, and vice versa.  And you, too, will have the benefit of everybody's expression of evaluation of the witnesses and the testimony in there.  From that, hopefully, will come a unanimous decision as to whether the government has met its burden.  That's your ultimate question.  Did the government meet its burden beyond a reasonable doubt?  I have just dealt with steps that lead to that.  Do you follow?

I remind you that in evaluating the believability of a person, you don't need any special education.  You don't need any special degrees.  Frankly, you just need what we call the experience of maturity or adult which others call common sense.  I want you to use your common sense in evaluating what he or she said or did not say.  And in order to do that, you evaluate how was the answer given, you know.  Did she really know what she was talking about, or was he trying to con us.  And the fact that he comes dressed up like my son, does that automatically make me believe him rather than somebody who doesn't dress like I and my family dress?  You see, you've got to separate all of that stuff and that's why I asked you to use your common sense in evaluation of the oral evidence and all of the evidence that comes before

---

[6] This paragraph is quoted verbatim in the Comment to Third Circuit Model Criminal Jury Instruction 1.03, as a recommended addition for "Highly Publicized Cases."

your consideration.  And then at the end, why do I say that?  Because at the end of the case you will evaluate everything that has been brought to you.  You will listen to the legal instructions I give you.  You will apply the legal instructions to your factual scenario to answer the question, Did the government meet its burden beyond a reasonable doubt in proving the guilt of the accused?  That's it.  But, in order to hopefully help you do it as I know you want to do it, I just gave you some basic instructions such as don't discuss the case.  I know that while you're here, some of you may become friendly with each other, and you won't be lunching because we don't have that much time, but, you will be going to your cars together.  And there is a human tendency to say what did you think of what happened today in court, or what did you think of what that witness said or did not say?  We have no focus groups.  I don't want anyone discussing the case.  Nor will you, as I said before, when you go home, we don't discuss that either.  We have competent attorneys and we have courteous attorneys.  During the course while we are here, if you have occasion to come across them either in the elevator or walking out, you won't be talking to them because they don't want you to believe that they are trying to curry your vote by their smiling and saying it's a nice day and all that kind of stuff.  All right.

I don't care which way you vote so when I see you, I will speak to you because it makes no difference to me.  During the course of the trial we have questions put by the various attorneys in what we call direct or cross-examination and at times I may ask a question.  I want to alert you, that if I ask a question that doesn't make my question more important than anybody else's.  The purpose of my question in general is to help you understand or to broaden the answer so people can understand what the question and answer are all about.  But, I'm not taking sides.  So, don't think because he asked a question about this, he must feel this way.  Because the way I feel is really immaterial to you.  All right.

**DEFENDANTS' JOINT PRELIMINARY REQUEST NO. 3[7]**
**Bench (Side-Bar) Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing. That is called a bench or side-bar conference. Depending on the issues, I might ask you to retire to the jury room while we have such a conference.  If that happens, please be patient.  We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.  These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

---

[7] This is Third Circuit Model Criminal Jury Instruction 1.04.

**DEFENDANTS' JOINT PRELIMINARY REQUEST NO. 4[8]**
**Description of Trial Proceedings**

The trial will proceed in the following manner: First: The lawyers will have an opportunity to make opening statements to you. The prosecutor may make an opening statement at the beginning of the case. Senator Menendez's and Dr. Melgen's lawyers may make opening statements after the prosecutors opening statement or the defendants may postpone the making of an opening statement until after the government finishes presenting its evidence. The defendants are not required to make an opening statement. The opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in the opening statements is not itself evidence.

Second: After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment. The government will present witnesses and the defendants' lawyers may cross-examine those witnesses. The government may also offer documents and other exhibits into evidence.

Third: After the government has presented its evidence, Senator Menendez and Dr. Melgen may present evidence, but they are not required to do so. As I will tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt. Senator Menendez and Dr. Melgen are presumed to be innocent of the charges. The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

---

[8] This is Third Circuit Model Criminal Jury Instruction 1.07, with the fifth point modified to reflect this Court's practice of instructing prior to closing arguments.

Fourth: After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Fifth: Before you have heard the closing arguments, I will give you orally the final instructions concerning the law that you must apply to the evidence presented during the trial. As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Sixth: After my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous; all twelve of you must agree to it.

You must keep your minds open during this trial.  Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence in other words, until you begin your deliberations.

**DEFENDANTS' JOINT PRELIMINARY REQUEST NO. 5**[9]
**Note Taking by Jurors**

At the end of the trial you must make your decision based on what you remember of the evidence.  You will not have a written transcript of the testimony to review.  You must pay close attention to the testimony as it is given.  If you wish, you may take notes to help you remember what witnesses said.  My courtroom deputy will arrange for pens, pencils, and paper.  If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case.  Here are some other specific points to keep in mind about note taking:

(1) Note-taking is permitted, but it is not required.  You are not required to take notes.  How many notes you want to take, if any, is entirely up to you.

(2) Please make sure that note-taking does not distract you from your tasks as jurors.  You must listen to all the testimony of each witness.  You also need to decide whether and how much to believe each witness.  That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.  You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3) Your notes are memory aids; they are not evidence.  Notes are not a record or written transcript of the trial.  Whether or not you take notes, you will need to rely on your own memory of what was said.  Notes are only to assist your memory; you should not be overly influenced by notes.

_____

[9] This is Third Circuit Model Criminal Jury Instruction 1.05.

(4) In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes.  Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater weight than each jurors independent memory of the evidence.  You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5) You should not take your notes away from court.

My staff is responsible for making sure that no one looks at your notes.  Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.

**DEFENDANTS' JOINT PRELIMINARY REQUEST NO. 6**[10]
**Nature of the Indictment**

The government has charged Senator Menendez and Dr. Melgen with violating various federal laws. The charges against Senator Menendez and Dr. Melgen are contained in the indictment. An indictment is just the formal way of specifying the exact crimes the defendants are accused of committing. An indictment was written by the prosecutors and is simply a description of the charges against the defendants. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Senator Menendez and Dr. Melgen have been indicted in making your decision in this case.

---

[10] This is a slightly modified Third Circuit Model Criminal Jury Instruction 1.11.

**DEFENDANTS' JOINT PRELIMINARY REQUEST NO. 7**
**Preliminary Statement of Elements of Crime**

At the time of the events charged, Robert Menendez was a United States Senator representing the State of New Jersey. Salomon Melgen was an eye doctor who lived and worked in South Florida, and whose family also had a home in the Dominican Republic.

The Indictment contains 18 separate counts. Count 1 accuses both Senator Menendez and Dr. Melgen of conspiracy to commit bribery and honest services mail and wire fraud through bribery. Count 2 accuses both Senator Menendez and Dr. Melgen with violating the Travel Act. Counts 3 through 14 involve charges of bribery. Specifically, Counts 3, 5, 7, 9, 11, and 13 accuse Senator Menendez of accepting a bribe from Dr. Melgen, and Counts 4, 6, 8, 10, 12 and 14 accuse Dr. Melgen of giving bribes to Senator Menendez. Counts 15 through 17 accuse both Senator Menendez and Dr. Melgen of depriving the United States and the citizens of New Jersey of their right to the honest services of Senator Menendez by using the interstate wires, but here too, the scheme that the prosecutors must prove beyond a reasonable doubt is a bribery scheme. Count 18 accuses Senator Menendez of making false statements by intentionally and for improper purposes failing to disclose certain gifts that he received from Dr. Melgen on financial disclosure forms that he filed with the Senate in 2006, 2007, 2008, and 2010.[11]

_____

[11] The preceding paragraphs provide context as to this being a multi-defendant case with multiple charges, and which charges were brought against each defendant. The remainder is Third Circuit Model Criminal Jury Instruction 1.12, along with the applicable Third Circuit model instructions for the particular elements of each charge with the exception of the Travel Act and false statement charges, which are based on First Circuit model instructions because there is no Third Circuit model instruction for those charges.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the Government must prove beyond a reasonable doubt to make its case.

Conspiracy

Count 1 accuses Senator Menendez and Dr. Melgen of the crime of conspiracy.  In order to find a defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt as to that defendant:

First:  That two or more persons made an agreement to commit an offense against the United States, as charged in the indictment;

Second:  That Senator Menendez and Dr. Melgen were the ones to make that agreement;

Third:  That Senator Menendez and Dr. Melgen joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that Senator Menendez and Dr. Melgen shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

Fourth:  That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Travel Act

Senator Menendez and Dr. Melgen are also accused of violating the Travel Act.  In order to find either defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, that Senator Menendez and Dr. Melgen traveled in interstate commerce;

Second, that Senator Menendez and Dr. Melgen did so with the intent to promote,

16

manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, which in this case is alleged to be bribery, in violation of 18 U.S. Code Sections 201(b)(2)(A) and 201(b)(1)(A); and

Third, that, after this interstates travel, Senator Menendez and Dr. Melgen later performed acts in furtherance of promoting, managing, establishing carrying on or facilitating the crime of bribery in violation of 18 U.S. Code Sections 201(b)(2)(A) and 201(b)(1)(A)

<u>Corruptly Accepting a Bribe and Corruptly Giving a Bribe</u>

Senator Menendez is accused in Counts 3, 5, 7, 9, 11 and 13 of accepting a bribe in violation of 18 U.S. Code Section 201(b)(1)(A).  In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Senator Menendez demanded, sought, or received something of value;

Second: That Senator Menendez was, at that time, a public official of the United States; and

Third: That Senator Menendez did so with a corrupt intent to be influenced in the performance of an official act; that is, Senator Menendez intended to perform an official act in exchange for or as a result of receiving a specific thing of value with the understanding that he was being given a bribe.

Counts 4, 6, 8, 10, 12 and 14 accuse Dr. Melgen of giving bribes to Senator Menendez. In order to find Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Dr. Melgen gave, offered, or promised something of value to Senator Menendez;

Second: That Senator Menendez was, at that time, a public official; and

Third: That Dr. Melgen did so with a corrupt intent to influence an official act, that is, Dr. Melgen intended to give a specific thing of value in exchange for an official act with the understanding that he was giving a bribe.

The specific thing of value that Dr. Melgen is alleged to have corruptly given and that Senator Menendez is alleged to have corruptly accepted in return for the performance of an official act is different in each set of the charges counts.

In Counts 3 and 4, the gift from Dr. Melgen to Senator Menendez is alleged to be a roundtrip flight on Dr. Melgen's private plane to the Dominican Republic in August 2010, in exchange for influencing Senator Menendez's official acts as opportunities arose.

In Counts 5 and 6, the gift from Dr. Melgen to Senator Menendez is alleged to be a roundtrip flight on Dr. Melgen's private plane to the Dominican Republic for himself and a guest in September 2010, in exchange for influencing Senator Menendez's official acts as opportunities arose.

In Counts 7 and 8, the gift from Dr. Melgen to Senator Menendez is alleged to be a roundtrip flight to West Palm Beach, Florida in October 2010, starting with a first-class commercial flight from Newark, New Jersey and ending with a private chartered flight to the Washington Metropolitan area, in exchange for influencing Senator Menendez's official acts as opportunities arose.

In Counts 9 and 10, the gift from Dr. Melgen to Senator Menendez is alleged to be financial contributions in May 2012 to the New Jersey Democratic State Committee Victory Federal Account and The Fund to Uphold the Constitution, in exchange for Senator Menendez's

18

advocacy to the State Department of behalf of Dr. Melgen's contract dispute with the Government of the Dominican Republic.

In Counts 11 and 12, the gift from Dr. Melgen to Senator Menendez is alleged to be financial contributions in June 2012 to Majority PAC that was earmarked for the New Jersey Senate race, in exchange for Senator Menendez's advocacy at the highest levels of CMS and HHS on behalf of Dr. Melgen in his Medicare billing dispute.

In Counts 13 and 14, the gift from Dr. Melgen to Senator Menendez is alleged to be financial contributions in September 2012 to various New Jersey county Democratic Party entities, and one in October 2012 to Majority PAC that was earmarked for the New Jersey Senate race, in exchange for Senator Menendez's advocacy at the highest levels of HHS on behalf of Dr. Melgen in his Medicare billing dispute.

Honest Services Wire Fraud

In Counts 15 through 16, Senator Menendez and Dr. Melgen are both accused of committing honest services fraud, by engaging in bribery through wire fraud.  In order to find either defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Senator Menendez and Dr. Melgen knowingly devised a scheme to defraud the United States and citizens of New Jersey of the intangible right of honest services through bribery by materially false or fraudulent pretenses, representations or promises;

Second: That Senator Menendez and Dr. Melgen acted with a corrupt intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, Senator Menendez and Dr. Melgen transmitted any writing, signal, or sound by means of a wire, radio, or television

communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The specific signal and sound alleged to have been transmitted by wire are different in Counts 15 through 16.

In Count 15, the alleged wire transmission was on August 9, 2010 and was from the pilot of Dr. Melgen's private plane, on which Senator Menendez was a passenger, in New Jersey air space to air traffic control in New York.

In Count 16, the alleged wire transmission was on September 6, 2010 and was from the pilot of Dr. Melgen's private plane, on which Senator Menendez was a passenger, in New Jersey air space to air traffic control in New York.

Honest Services Mail Fraud

In Count 17, Senator Menendez and Dr. Melgen are both accused of committing honest services fraud, by engaging in bribery through mail fraud.  In order to find either defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Senator Menendez and Dr. Melgen knowingly devised a scheme to defraud the United States and citizens of New Jersey of the intangible right of honest services through bribery by materially false or fraudulent pretenses, representations or promises;

Second: That Senator Menendez and Dr. Melgen acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, Senator Menendez or Dr. Melgen used the mails or a commercial interstate carrier, or caused a commercial interstate carrier to be used, specifically that Senator Menendez or Dr. Melgen caused FedEx to be used to

send a check dated June 1, 2012 for Majority PAC on June 5, 2012 from New Jersey to Washington, D.C.

<u>False Statements</u>

In Count 18, Senator Menendez is charged with knowingly and willfully falsifying, concealing or covering up a material fact in a matter within the jurisdiction of the United States government.  In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that Senator Menendez falsified, concealed or covered up a fact that he had a duty to disclose in financial disclosure forms that were filed with the Secretary of the United States Senate covering calendar years 2006, 2007, 2008 and 2010;

Second, that the fact was material;

Third, that Senator Menendez, falsified, concealed or covered up the fact by using a trick, scheme or device;

Fourth, that Senator Menendez acted knowingly and willfully; and

Fifth, that the fact pertained to a matter within the jurisdiction of the Legislative Branch.

<u>Bribery Defined</u>

Throughout these instructions, I have used the word "bribery" and I am sure that is a word that you are familiar with, but the legal definition of the word "bribery" may be a bit different from the way you have heard it used in other contexts, so I wanted to clarify both what it means and what it does not mean for the purposes of this case.  The crime of bribery is for someone to corruptly give, offer or promise a public official something of value in exchange for the public official being influenced in the performance of an official act, or for a public official to corruptly demand, seek, receive, or agree to receive something of value in exchange for the

public official being influenced in the performance of an official act.[12]   In other words, for

bribery there must be a *quid pro quo* – a specific intent to give or receive something of value *in*

*exchange* for an official act.[13]   To convict either the giver or receiver of bribery, you must find

beyond a reasonable doubt that the person who gave or received the thing of value did so in

exchange for the public official agreeing to perform specific official acts at the time of the

alleged *quid pro quo* with the understanding that what was being given or received is a bribe, and

not merely with the hope or expectation that the public official would return the favor in some

unspecified way at some point in the future.[14]

Gifts to public officials are not automatically bribes.  Senators are people too, and they

are allowed to have friends.  Senators and their friends are allowed to exchange gifts among

---

[12] *United States v. Sun–Diamond Growers of California*, 526 U.S. 398, 404 (1999)  ("The first crime, described in § 201(b)(1) as to the giver, and § 201(b)(2) as to the recipient, is bribery, which requires a showing that something of value was corruptly given, offered, or promised to a public official (as to the giver) or corruptly demanded, sought, received, accepted, or agreed to be received or accepted by a public official (as to the recipient) with intent, *inter alia*, "to influence any official act" (giver) or in return for "being influenced in the performance of any official act" (recipient).").

[13] *Sun–Diamond Growers of California*, 526 U.S. at 404-405 ("In other words, for bribery there must be a *quid pro quo* – a specific intent to give or receive something of value *in exchange* for an official act.); *see United States v. Ciavarella*, 716 F.3d 705, 729 (3d Cir. 2013) (quoting this language from *Sun-Diamond* in defining bribery); *United States v. Andrews*, 681 F.3d 509, 527 (3d Cir. 2012) (same); *see also United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

[14] *McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016) ("It is up to the jury, under the facts of the case, to determine whether the public official agreed to perform an "official act" at the time of the alleged *quid pro quo*.") *see id.* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).

themselves out of friendship or for other lawful reasons, and those gifts are not bribes because they are given out of friendship and not corruptly given in exchange for a specific official act.

Bribery may not be founded on a mere attempt to curry favor.  There is a critical difference between bribery and generalized gifts provided in an attempt to build goodwill.[15] Bribery laws are designed solely to prevent *quid pro quo* corruption, where an elected official corruptly exchanges his or her official act for something of value.[16]  But ingratiation and access are not corruption.[17]

Standing alone, providing gifts to public officials are not crimes, even if they are provided by someone seeking to curry favor or influence with those officials.  It is not illegal to give a thing of value to a public official merely to build a reservoir of goodwill that might ultimately affect one or more unspecified acts, now or in the future.  Offering hospitality to a

---

[15] *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("[B]ribery may not be founded on a mere attempt to *curry favor* . . . . [T]here is a critical difference between bribery and generalized gifts provided in an attempt to build goodwill."); *United States v. Sun–Diamond Growers of California*, 526 U.S. 398, 405 (1999) (giving a gift "to build a reservoir of goodwill" is no crime).

[16] *Citizens United v. FEC*, 558 U.S. 310 (2010), and its progeny hold "that Congress may take action only to address *quid pro quo* corruption and not the appearance of mere influence or access." *Lodge No. 5 of the FOP v. City of Philadelphia*, 763 F.3d 358, 379 (3d Cir. 2014) (quotation marks omitted).  To allow prosecutions based on anything less would chill constitutionally protected conduct, such as a supporter's attempt to "garner influence over or access to elected officials," *McCutcheon v. FEC*, 134 S. Ct. 1434, 1451 (2014) (plurality op.), or a legislator's efforts "to be appropriately responsive to the preferences of [his] supporter," *Williams-Yulee v. The Florida Bar*, 135 S. Ct. 1656, 1667 (2015).

[17] *Citizens United v. FEC*, 558 U.S. 310, 360 (2010) ("Ingratiation and access . . . are not corruption.").

public official would not violate the bribery or honest services fraud statutes if the intent of the defendant was simply to cultivate a personal, business, or political friendship.[18]

The practice of using hospitality, including lavish hospitality, to cultivate business or political relationships is longstanding and pervasive.  You may believe that all such hospitality is not appropriate or even reprehensible and should be flatly prohibited by law, but that is not the law.  Gift giving to cultivate business or political friendships is not against the law.  Not all unappealing conduct is criminal.  Your job is to determine whether the government has proven beyond a reasonable doubt that Senator Menendez or Dr. Melgen has violated the law as it is actually written, and not what you would prefer the law to be.[19]

_____

[18] Paragraph adapted largely verbatim from Jury Instruction No. 28 ("Legitimate Gifts and Lobbying"), *United States v. Ring*, No. 08-CR-274 (D.D.C. Nov. 4, 2010) (ECF No. 222).  *See also, e.g.*, *United States v. Frega*, 179 F.3d 793, 807 n.17 (9th Cir. 1999) ("A gift bestowed on a judge solely out of friendship, to promote good will, or for motive wholly unrelated to influence over official action does not violate the bribery statutes[.]").

[19] *See, e.g.*, *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996) ("*The practice of using hospitality, including lavish hospitality, to cultivate business or political relationships is longstanding and pervasive*.  The government does not argue, and we do not believe, that payments for entertainment, lodging, golf, sports events, and the like would constitute violations of the Travel Act (or mail and wire fraud statutes) if the aim of the lobbyist were simply to cultivate a business or political 'friendship' with the legislator.  *It may be that all such hospitality should be flatly prohibited by law*, but if Sawyer had this limited intent – to cultivate friendship rather than to influence an official act – the federal statutes here involved would not be violated.") (emphasis added); *id.* ("[W]here the difference between lawful and unlawful turns primarily on intent, and the lawful conduct is itself most unattractive, we think the jury needs to be told specifically that the defendant has not violated the bribery component of the Travel Act (or committed honest services fraud) if his intent was limited to the cultivation of business or political friendship.  Only if instead or in addition there is an intent to cause the recipient to alter her official acts may the jury find a theft of honest services or the bribery predicate of the Travel Act.  Absent some explicit explanation of this kind, the conventional charge will be slanted in favor of conviction."); *see also United States v. Woodward*, 149 F.3d 46, 53-55 (1st Cir. 1998) (noting that in *Sawyer* the Court "mandated a protective instruction to be used in cases such as this, which would help the jury understand the difference between 'reprehensible conduct' which is *not* a violation of federal law, and misconduct which does form the basis for a federal conviction" such that there is no liability if the "*intent was limited to the cultivation of business*

In addition, political contributions and fundraising are an important, unavoidable, and completely legitimate part of the American system of privately financed elections.  The law recognizes that virtually every political contribution is given to an elected public official because the giver supports the acts done or to be done by the elected official.  The Supreme Court has recognized that legitimate, honest political contributions are given to reward public officials with whom the donor agrees and in the generalized hope that that official will continue to take similar official acts in the future.  Official acts that advance the interests of a donor, taken shortly before or after political contributions are solicited or received from the donor, can, depending on the circumstances, be perfectly legal and appropriate.[20]

The fact that people who make political contributions have influence over and access to elected officials does not mean that these officials are corrupt.  A substantial and legitimate reason, if not the only reason, to make a contribution to one candidate over another is that the candidate will respond by producing those political outcomes the supporter favors.[21]  The mere

---

*or political friendship*" and liability "*only if instead or in addition, there is an intent to cause the recipient to alter her official acts*") (emphasis added);

[20] Paragraph adapted largely verbatim from Jury Instruction No. 27 ("Campaign Contributions"), *United States v. Ring*, No. 08-CR-274 (D.D.C. Nov. 4, 2010) (ECF No. 222).

[21] *Citizens United v. FEC*, 558 U.S. 310, 359 (2010) ("The fact that speakers have influence over and access to elected officials does not mean that these officials are corrupt:  Favoritism and influence are not . . . avoidable in representative politics.  It is in the nature of an elected representative to favor certain policies, and, by necessary corollary, to favor the voters and contributors who support those policies.  It is well understood that a substantial and legitimate reason, if not the only reason, to cast a vote for, or to make a contribution to, one candidate over another is that the candidate will respond by producing those political outcomes the supporter favors.  Democracy is premised on responsiveness.  Reliance on a generic favoritism or influence theory . . .  is at odds with standard First Amendment analyses because it is unbounded and susceptible to no limiting principle." (quotation marks omitted)).

possibility that an individual who spends large sums of money may garner influence or access to elected officials or political parties does not give rise to quid pro quo corruption.[22]

I also want you to think carefully about what it means for a gift to be in exchange for an official act.  A gift is not a bribe, but is instead known as a gratuity, if it is merely a reward for some future act that the public official will take and may have already have determined to take, or for a gift for a past act that he has already taken.[23]  In those situations, the gift is not in exchange for the public official taking an official act, the gift would merely thank or reward the public official for taking or agreeing to that the official act.  This is not the offense charged here.

You also have heard me mention the phrase "official act" a few times, and I want to clarify its meaning because not every act that a public official takes in his official capacity is an official act.  There are two requirements for an act to be an official act.  First, the Government must identify a question, matter, cause, suit, proceeding or controversy that may at any time be pending or may by law be brought before a public official.  This requires a formal exercise of government power that is more specific and focused than a broad policy objective, and is the kind of thing that can be put on an agenda, tracked for progress, and then checked off as

---

[22] *McCutcheon v. FEC*, 134 S. Ct. 1434, 1450-51 (2014) (plurality op.) (explaining that "the possibility that an individual who spends large sums of money may garner 'influence or access to' elected officials or political parties . . . does not give rise to such quid pro quo corruption").

[23] *United States v. Bravo-Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013) ("The Supreme Court explained the distinction between bribes and illegal gratuities in *United States v. Sun–Diamond Growers of California*, 526 U.S. 398 (1999): 'The distinguishing feature of each crime is its intent element.  Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act.  In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act.  An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the public official will take (and may already have determined to take), *or for a past act that he has already taken.*" *Id.* at 404–05 (third emphasis added).").

complete.  A public official may take a number of phone calls or meetings to discuss various issues, but the typical phone call or meeting would not itself be that kind of formal exercise of government power.  Second, the Government must prove that the public official made a decision or took an action "on" that question, matter, cause, suit, proceeding or controversy, or agreed to do so.  For example, merely arranging or hosting meetings; arranging or hosting events; contacting, calling, or speaking with other government officials; expressing support; lobbying other governmental agencies; and advocating for constituents or supporters to the Executive Branch; without more, are not official acts.[24]

What I have just told you is only a preliminary outline of the elements of the offenses

---

[24] The Second Circuit has used similar language in explaining these two requirements from *McDonnell*.  *United States v. Silver*, 2017 WL 2978386, at *11 (2d Cir. July 13, 2017).  *McDonnell v. United States* explained:  "The text of § 201(a)(3) sets forth two requirements for an "official act": First, the Government must identify a "question, matter, cause, suit, proceeding or controversy" that "may at any time be pending" or "may by law be brought" before a public official. Second, the Government must prove that the public official made a decision or took an action "on" that question, matter, cause, suit, proceeding, or controversy, or agreed to do so."  136 S. Ct. 2355, 2368 (2016)  The Supreme Court recognized a broad interpretation of the first requirement was possible, but adopted a "more confined interpretation" in which those terms "refer to a formal exercise of governmental power." *Id.* at 2369.  The Court faulted the trial court because "the instructions did not inform the jury that the 'question, matter, cause, suit, proceeding or controversy' must be more specific and focused than a broad policy objective." *Id.* at 2374.  Rather, the Court explained it must be "the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete." *Id.* at 2369.  "Setting up a meeting, hosting an event, or calling an official (or agreeing to do so) merely to talk about a research study or to gather additional information, however, does not qualify as a decision or action on the pending question of whether to initiate the study. Simply expressing support for the research study at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call—similarly does not qualify as a decision or action on the study, as long as the public official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an "official act." *Id.* at 2371; *see also United States v. Boyland*, 2017 WL 2918840, at *6-7 (2d Cir. July 10, 2017) (government conceding that jury instructions that treat a public official "lobbying other governmental agencies, and advocating for his constituents" as an official act is erroneous under *McDonnell*.).  The Third Circuit has described this "specific and focused" language as one of the "key clarifications" made by *McDonnell*. *United States v. Repak*, 2017 WL 1149100, at *14 (3d Cir. Mar. 28, 2017).

charged.  At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.  Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

## II.      FINAL INSTRUCTIONS

### DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 8
### Jury Charge[25]

We have now reached that point, ladies and gentlemen, where it is my responsibility to advise you of the law, the law which is applicable to this case.

Now, this may be somewhat of a lengthy charge, as we can all appreciate that it is a serious matter with which we deal and, therefore, if at any time I say anything in my charge that any one of more of you does not fully understand or appreciate, I want you to signal me by raising your hand.  This matter is too important for you not to be carefully informed of what the law is.  So, feel free to raise your hand and I will do my best to insure that all of you understand the applicable law.  So, keep that in mind.

Senator Menendez and Dr. Melgen are before us because they were indicted, and you have heard reference made to that indictment.  I remind you again of what I told you at the outset of this matter, that is, that the indictment, which was written by the prosecutors, is not proof of guilt, nor may it be used by you as evidence or proof of guilt.  It is only the procedural means by which any defendant is brought before you, a jury, and me, a judge, for the purposes of trial.

Now, throughout this trial, you have seen displayed the function of the various participants.  That is to say, it is the function of the attorneys – and you've seen their function – to produce evidence by way of their questions, either on direct or cross-examination or by their moving into evidence, for your consideration, certain documents.  It is their function also to advise you by way of their opening and closing remarks as to their views of the quality and

---

[25] This is the Court's standard instruction, modified to reflect multiple defendants in the plural.

significance of the evidence adduced for your consideration.  I remind you, though, ladies and gentlemen, that the attorneys are not and were not witnesses.  As I said, their function was to produce evidence, for your consideration, or seek to advise you by way of their comments.

It is my role as judge to preside at the trial and to decide legal issues.  And if during the course of the case I have had occasion to sustain the objections of one attorney more than those of the other, that is immaterial to you, and it is immaterial to your fact-finding function.  You are not to seek to glean any feeling that I may have with regard to the merits or lack of merits of this case from my rulings, because they are not designed to reflect that.  They do not, in fact, reflect my feelings.  So, too, are the feelings of the attorneys immaterial.  They represent the interest of their particular side.   The Government's attorneys represent the Government; and each Defendant's counsel represents the Defendant, and so their views are views which you, individually as a juror, or collectively as a jury, are at liberty to accept or reject depending upon your own evaluation of the evidence.  Because, you see, you are the final fact-finders in this trial.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 9**
**Counsel Cooperation**[26]

You have noticed throughout the trial that counsel for the Defendants have consulted with each other, and have divided the work of the trial in an effort to facilitate their presentation, and to avoid duplication.  That circumstance does not mean that you are to regard Senator Menendez and Dr. Melgen as being one person.  The fact that defense counsel have consulted and cooperated with each other in the conduct of their defense is not to be considered by you as having any significance with respect to the issues in the case.  In fact, this cooperation served to help shorten the trial because otherwise both Senator Menendez and Dr. Melgen might have had to spend more time on witnesses and evidence.

The issue of each Defendant's guilt is personal and you must make a separate determination as to whether Senator Menendez and Dr. Melgen guilt has or has not been proven beyond a reasonable doubt.  In making that judgment, you are to disregard entirely the circumstance that counsel for Senator Menendez and Dr. Melgen have worked together during the trial.  Indeed, especially in a case of this length, it would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense.  To make the trial go more smoothly, I instructed them to work together.

It is also proper and normal for each Defendant to be represented by separate, independent counsel, and for all parties to have multiple attorneys and assistants involved.  In a

---

[26] Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 2-10 (2007) (second paragraph).  The second sentence is inserted from Sand, Instr. 2-10, first paragraph.  The last sentence of the first paragraph and the second paragraph have been added to ensure the jury draws no inference from the number or role of counsel.

case of this length, this number of attorneys and assistants is not unusual.  You should not let the

number of representatives in the courtroom affect your consideration in any way.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 10**
**Role of Jury**[27]

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. Even if I, the judge of law, were, by way of comment, to seek to express some opinion or make a value judgment as to the evidence, that value judgment – coming even from me – is immaterial insofar as you are concerned, because you are the value judges. You determine the significance, if any, to be given to any evidence. You, and only you, are the ones who sift and assess the evidence to make facts, to fact find. I play no part in finding the facts.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

---

[27] This is the Court's standard instruction.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 11**
**Evidence**[28]

You must make your decision in this case based only on the evidence that you saw and heard in this courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) the testimony of the witnesses;

(2) documents and other things received as exhibits; and

The following are not evidence:

(1) the Indictment;

(2) statements and arguments of the lawyers for the parties in this case;

(3) questions by the lawyers and questions that I might have asked;

(4) objections by lawyers, including objections in which the lawyers stated facts;

(5) anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence

---

[28] This is the Court's standard instruction.

was offered that was not permitted by the rules of evidence.  These objections simply meant that they were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 12**
**Direct and Circumstantial Evidence**[29]

Now, I earlier talked to you about evidence.  For instance, I cautioned and directed you that you should pay close attention to this witness stand because I assumed that much of the evidence in this case would be of the oral nature.  And I think my assumption has been proven correct and I commend you for having paid close attention to what was said from that stand.

We also have for your consideration documents which have been submitted as evidence, and you will have them with you during your deliberations.  However, I want to talk to you about broader categories of evidence and those broader categories of evidence are what we lawyers call direct and circumstantial evidence.  I want to do that, ladies and gentlemen because you may find your facts, if you wish, from evidence which may be either direct or circumstantial.

Now, direct evidence means evidence which directly proves a fact without an inference and which in itself, if true, conclusively establishes that fact.  On the other hand, circumstantial evidence means evidence that proves a fact from which a person may infer the existence of another fact.  And the usual example I give is that of my leaving the courthouse this afternoon about 4:30, walking down to Broad and Market Streets here in Newark and at that time it starts to rain and I get wet because I don't have my umbrella.  And later I'm called as a witness to testify in a case about what happened allegedly on March 1, 2017, at 4:30 in the afternoon and I testify that I walked to Broad and Market Streets and it started to rain and I got wet.  And if you believed my testimony, from that testimony, you will deduce that it, in fact, it had rained in

---

[29] This is the Court's standard instruction.

36

Newark – at least at Broad and Market Streets – on March 1, 2017, at about 4:30 in the afternoon.  That is an example of direct evidence.

On the other hand, I might tell the jury that I parked my car at home yesterday evening at about six o'clock.  I parked it outdoors and I came out this morning at about seven o'clock and found the car wet, the surrounding ground and trees wet.  If you believed my testimony, from that testimony, you could deduce that sometime between six o'clock the evening of the 28th of February and seven o'clock of the morning of the 1st of March that it had, in fact, rained.  So, that's what we call and what we mean as an example of circumstantial evidence.

You see, it is not necessary that facts be proved alone by direct evidence.  They may be proved by circumstantial evidence or by a combination of direct and circumstantial evidence and, in law, both direct and circumstantial evidence are acceptable as means of proof.  Indeed, in many cases, circumstantial evidence may be more certain, persuasive and satisfying than direct evidence.  However, let me caution you, circumstantial evidence should be scrutinized and evaluated carefully.  A verdict of guilty may be based on circumstantial evidence provided, of course, that it satisfies you of the guilt of the accused beyond a reasonable doubt.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 13**
**Summaries**[30]

The parties presented certain charts or summaries in order to help explain the facts disclosed by the *(describe the admitted evidence that provided the basis for the summaries; e.g., books, records, documents – to be completed after the close of evidence)* which were admitted as evidence in the case.  The charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

---

[30] This is Third Circuit Model Jury Instruction 4.10.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 14**
**Presumption of Innocence**[31]

Senator Menendez and Dr. Melgen pleaded not guilty to the offenses charged.  They are presumed to be innocent.  The presumption of innocence means that Senator Menendez and Dr. Melgen have no burden or obligation to present any evidence at all or to prove that he is not guilty.  The presumption of innocence stays with both Senator Menendez and Dr. Melgen unless and until the government has presented evidence that overcomes that presumption by convincing you that either Senator Menendez or Dr. Melgen, or both, are guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Senator Menendez and Dr. Melgen not guilty, unless you are satisfied that the government has proved their guilt beyond a reasonable doubt.

---

[31] This is the Court's standard instruction, modified to reflect multiple defendants in the plural.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 15**
**Government's Burden of Proof**[32]

Now, when we speak about guilt beyond a reasonable doubt, that is what the Government must show.  In other words, that is the burden of proof upon the Government in any criminal trial.  That is to say, the Government must prove the guilt of Senator Menendez and Dr. Melgen beyond a reasonable doubt.  The Government has the burden of proof, and that burden of proof never changes and never shifts from the Government; the defense never has to prove its innocence.  It remains the responsibility and the obligation of the Government throughout the entire trial – and when I use that term "throughout the entire trial," I mean what I say.  That burden of proof is upon the Government even now when I'm talking to you.  That burden of proof is upon the Government even when you retire to deliberate and reach your verdict.  That burden of proof is upon the Government throughout your deliberations unless and until twelve of you are satisfied that that burden has been met beyond a reasonable doubt.  Senator Menendez and Dr. Melgen are presumed innocent.  They are presumed innocent by our law.  They are innocent, as are all other criminal defendants innocent, unless and until twelve of you are satisfied that the Government has proved their guilt beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.

---

[32] This is the Court's standard instruction.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 16**
**Reasonable Doubt[33]**

I've used the term "reasonable doubt" repeatedly in my discussion of the responsibility of the Government and will probably hear the attorneys mention it.  So it is appropriate that I discuss with you what we mean by "reasonable doubt" because it is of the utmost importance.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.[34]

You see, ladies and gentlemen, we have to discuss that and you have to understand it because it is not necessary under our law that the guilt of Senator Menendez or Dr. Melgen be established beyond all doubt or to a mathematical certainty, but only beyond all reasonable doubt.  It is seldom in matters which are dependent upon memory or people recounting what did or did not occur months or years prior to their taking the witness stand that every type of doubt can be avoided.  The law does not require that.  The law only requires that every reasonable doubt be absent in order to return verdicts of guilty.

---

[33] This is the Court's standard instruction, slightly modified.

[34] The two preceding sentences are taken from the Federal Judicial Center's model jury instruction No. 21.  *See* FJC, *Pattern Criminal Jury Instructions*, No. 21 (1988).  These sentences are particularly important.  "It is this feature, the juxtaposition of the requisite standard of proof in civil cases with the more stringent criminal trial standard of proof beyond a reasonable doubt, that is the FJC instruction's greatest asset.  As the Fifth Circuit in *Williams* pointed out, contrasting the civil and the criminal standards of proof is an effective means of framing the issue for the jury.  While making clear that 'reasonable doubt' is a higher standard of proof than that necessary in civil cases, the instruction does not unduly disadvantage the prosecution; it clearly states that proof beyond a reasonable doubt 'does not require proof that overcomes every possible doubt.'"  *United States v. Walton*, 207 F.3d 694, 704-06 (4th Cir. 2000) (en banc) (equally divided court) (King, J., dissenting) (quoting *United States v. Williams*, 20 F.3d 125, 132 n.5 (5th Cir. 1994)).

So, let me first tell you what a reasonable doubt is not.  It is not a doubt based on speculation, it is not a doubt based on prejudice or sympathy, nor is it a doubt based on passion. It is also not a doubt produced by undue sensibilities on your part as to the consequences of your verdict which is to say that the fact that the verdict itself might be distasteful to you is not grounds for reasonable doubt.  Nor is it a ground for reasonable doubt that the issue of guilt submitted to you poses a difficult solution if by your careful and thoughtful consideration and deliberation the solution is established according to law.  So, what then is this reasonable doubt?

Well, it is what we say it is.  It is a doubt based on reason.  It is an honest and reasonable uncertainty as to the guilt of the defendant existing in your minds after you've given full and impartial consideration to all the evidence and the applicable law.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.[35]  It is an honest and reasonable uncertainty of an alleged fact or facts which are really in issue in the case.  Now, after a careful evaluation of all the evidence and the law, as I've given it to you, if there arises in your minds naturally this uncertainty, this quality of thought – that's the term I like – this quality of thought which if the same were present in any of the serious personal affairs of your life would cause you to re-examine, to re-evaluate, to recalculate your conclusion, then that uncertainty, that recalculation, that rethinking, that quality of thought is what we lawyers and judges know as reasonable doubt.

---

[35] This sentence is taken from the Federal Judicial Center's model jury instruction No. 21, and is commonly used in model jury instructions.  *See* FJC, *Pattern Criminal Jury Instructions*, No. 21 (1988); *Ninth Circuit Pattern Jury Instructions (Criminal Cases)* § 3.5 (2010).  Several Supreme Court justices have opined that this sort of "firmly convinced" instruction is superior to the alternatives.  *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring); *Id.* at 34 (Blackmun, J., joined by Souter, J., concurring and dissenting in part).

Now, a reasonable doubt may arise from the evidence itself or from a lack of evidence.  It is a doubt of a person who's heard and considered all the evidence and law of the case and, yet, who is not satisfied that the accused must have done that with which he is charged.  If, for example, you believe that a fact or defense is as likely as the charge or prosecution theory, then you must acquit on that fact or charge because that would not be proof beyond reasonable doubt.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty for that offense.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 17**
**Nature of the Indictment[36]**

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes Senator Menendez and Dr. Melgen are accused of committing.  An indictment which was written by the prosecutors is simply a description of the charges against a defendant. It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Senator Menendez and Dr. Melgen have been indicted in making your decision in this case.

_____

[36] This is the Court's standard instruction, modified to reflect multiple defendants in the plural and also to clarify the government writes the indictment.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 18**
**Credibility**[37]

Whatever your verdict ultimately is, it must be based on believable evidence or the lack of it and, consequently, you have to evaluate the evidence and those who gave you the evidence as to whether they are believable and that's your function and yours alone.

You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testified, the character of the testimony given, or by the evidence to the contrary of the testimony.   Consider each witness's intelligence, motives, state of mind, demeanor, and manner while on the stand.

Try not to be swayed by the physical appearance of the witness – the clothing, hairstyle, or grooming.  Guard against the natural tendency to believe people whose appearance is similar to your own dress and grooming.  Also be on guard against being influenced by how attractive or unattractive a witness may be.  Beware of an inclination to be more sympathetic to a witness who is appealing in his or her appearance.  These factors are often unrelated to a witness' truthfulness. Mannerisms also can be misleading.  Sometimes a truthful witness may seem to be nervous or tense – such a witness may be intimidated by the courtroom and some witnesses are typically nervous, fidgety or tense in their manner.  Evaluate not just what the witness says, but how the witness says it.  Pay attention to the facial expressions, gestures, posture, and tone of voice. Look for discrepancies between what the witness has said and how the witness said it.  But remember that sometimes truthful witnesses may look worried because they are afraid of being disbelieved, and that some liars can behave convincingly.

---

[37] This is the Court's standard instruction.

Now, in your determination of whether the testimony of any or all the witnesses is believable, you should take into consideration the circumstances under which that person testified, the relationship, if any, to the side who called him or her, the demeanor of the witness on the stand, the candor and sincerity, or lack of it, indicated by the manner in which the testimony was given.  You may, if you wish, consider the interest, if any, that a witness may have in the outcome of the case.  Such an interest in the outcome may create a motive to testify falsely and may sway the witness to testify in a way that advances her own interests.  If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you may wish to bear that factor in mind when evaluating the credibility of his or her testimony and accept that testimony with great care.  This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.  Consider too, ladies and gentlemen, in evaluating testimony of any witness who has testified here, the knowledge or lack of knowledge which that person may have concerning the facts about which he or she has testified, inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses which may or may not cause you, the jury, to disbelieve such testimony.

Prior inconsistencies or prior inconsistent statements themselves may, if you wish, be determined by you to be proved by the facts alleged by such prior inconsistencies or inconsistent statements.  I ask that you use your common sense, that is to say, that in first weighing the effect of a discrepancy, that you first determine whether it pertains or involves a matter – as far as you're concerned – of importance or as a non-important detail.  In other words, first determine whether you believe it's trivial or material.  If you determine it's trivial, then forget about it and

move on to something else.  If you consider that the issue is material, then consider it and consider whether any discrepancy in your judgment results from innocent error or willful falsehood.

As a matter of fact, if you feel that any witness or witnesses took the stand and deliberately sought to mislead or to lie to you about any issues that you find to be material in this case, you have a right to disregard all or part of that witness's testimony.  You may also consider in evaluating the believability of a witness's testimony and the weight to be given to it, the extent to which that person's testimony is contradicted or corroborated by that of other evidence or witnesses, or by what that person has said or done on earlier occasions.  You may consider such other facts in connection with that person's testimony as in your opinion may have influenced it, if you feel that it was so influenced.  You may after such an appraisal of the testimony of the witness in the exercise of your own sound discretion, believe or disbelieve the testimony of any witness either in whole or in part.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 19**
**Proof of Required State of Mind – Intentionally, Knowingly, Willfully**[38]

The offenses charged in the indictment require that the government prove that the defendant intentionally, knowingly, and/or willfully violated the law.  The term "intentionally" as used in these instructions to describe the alleged state of mind of the defendant means that it was Senator Menendez's or Dr. Melgen's conscious desire or purpose to act in a certain way or to cause a certain result, or that Senator Menendez or Dr. Melgen knew that he was acting in that way or would be practically certain to cause that result.  The term "knowingly" as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

The term "willfully" as used in these instructions means that the defendant acted not merely voluntarily, but with a purpose to disobey or disregard the law, that is, with knowledge that his conduct was, in some general sense, unlawful and that he did not act innocently or inadvertently.  "Willfully" does not, however, require proof that Senator Menendez or Dr. Melgen had any evil motive or bad purpose other than the purpose to disobey or disregard the law.  Nor does it require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendant's state of mind can be proved indirectly from the surrounding

---

[38] This is the Court's standard instruction, modified to reflect multiple defendants in the plural.

48

circumstances.  Thus, to determine the defendant's state of mind at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences.  You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from her actions.  This is entirely up to you to decide as the finders of the facts in this case.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 20**
**Multiple Defendants—Multiple Counts**

Separate crimes are charged against Senator Menendez and Dr. Melgen in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately. The case of Senator Menendez and Dr. Melgen should be considered separately and individually. The fact that you may find one or more of the accused not guilty or guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant.  You must give separate consideration to the evidence as to each Defendant for each individual charge.[39]

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.  Your decision on one offense, whether not guilty or guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately. [40]

---

[39] Fifth Circuit Criminal Pattern Jury Instruction § 1.23.  The Court's standard instructions include a similar instruction for separate consideration of each charge in a case involving a single defendant and multiple charges, and the need for such an instruction is all the more warranted here where there are multiple defendants facing multiple charges.

[40] This is Third Circuit Model Jury Instruction 1.14.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 21**
**Count 1:Conspiracy To Commit An Offense Against The United States Basic Elements**
**(18 U.S.C. § 371)[41]**

Count 1 of the indictment charges that on or about January, 2006 in the District of New Jersey, Senator Robert Menendez and Dr. Salomon Melgen agreed or conspired with one another and other persons to commit offenses against the United States, namely giving bribes, accepting bribes, and depriving the United States and citizens of New Jersey of their right to honest services by engaging in bribery through mail and wire fraud, and that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as alleged in the indictment as I will describe to you.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find either Senator Menendez or Dr. Melgen guilty of conspiracy to commit offenses against the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements for the Defendant charged:

First: That two or more persons agreed to commit offenses against the United States, as charged in the indictment. I will explain the elements of the offenses to you shortly;

Second: That the defendant charged, whether Senator Menendez or Dr. Melgen, was a party to that conspiracy agreement;

Third: That the defendant charged, whether Senator Menendez or Dr. Melgen, joined the conspiracy agreement knowing of its objective to commit offenses against the United

---

[41] This is Third Circuit Model Jury Instruction 6.18.371A, modified for multiple defendants.

States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the charged Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit offenses against the United States; and

Fourth:  That at some time during the existence of the conspiracy agreement, at least one of its members performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 22**
**Count 1: Conspiracy – Existence of an Agreement**[42]

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offenses of giving bribes, accepting bribes, and depriving the United States and citizens of New Jersey of their right to honest services by engaging in bribery through mail and wire fraud.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable

---

[42] This is Third Circuit Model Jury Instruction 6.18.371C.

inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The indictment charges a conspiracy to commit several federal crimes.  The government does not have to prove that the alleged conspirators agreed to commit all of these crimes.  The government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime.  You cannot find Senator Menendez or Dr. Melgen guilty of conspiracy unless you unanimously agree that the same federal crime was the objective of the conspiracy.  It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 23**
**Count 1: Conspiracy – Membership in the Agreement**[43]

If you find that a criminal agreement or conspiracy existed, then in order to find Senator Menendez or Dr. Melgen guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the charged Defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the charged Defendant, whether Senator Menendez or Dr. Melgen, knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the charged Defendant knew everything about the conspiracy or knew everyone involved in it, or that the charged Defendant was a member from the beginning.  The government also does not have to prove that the charged Defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Senator Menendez or Dr. Melgen joined the conspiracy, knew of its criminal objective, and intended to further the objective.  Evidence which shows that Senator Menendez or Dr. Melgen only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that Senator Menendez or Dr. Melgen was a member of the conspiracy even if Senator Menendez or Dr. Melgen approved of what was happening or did not object to it.

---

[43] This is Third Circuit Model Jury Instruction 6.18.371D.

Likewise, evidence showing that Senator Menendez or Dr. Melgen may have done something that happened to help a conspiracy does not necessarily prove that Senator Menendez or Dr. Melgen joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that Senator Menendez or Dr. Melgen joined the conspiracy.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 24**
**Count 1: Conspiracy – Mental States**[44]

In order to find Senator Menendez or Dr. Melgen guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the charged Defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove: (1) that the charged Defendant, whether Senator Menendez or Dr. Melgen, knew of the objective or goal of the conspiracy, (2) that the charged Defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the charged Defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the charged Defendant's words or conduct and other facts and circumstances, in deciding whether Senator Menendez or Dr. Melgen had the required knowledge and intent.

---

[44] This is Third Circuit Model Jury Instruction 6.18.371E.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 25**
**Count 1: Conspiracy – Overt Acts** [45]

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges certain overt acts. The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the government does not have to prove that Senator Menendez or Dr. Melgen personally committed any of the overt acts. The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy. You must unanimously agree on the overt act that was committed.

---

[45] This is Third Circuit Model Jury Instruction 6.18.371F.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 26**
**Count 1: Conspiracy – Single or Multiple Conspiracies** [46]

The indictment charges that Senator Menendez and Dr. Melgen and the other alleged co-conspirators were all members of one single conspiracy to commit offenses against the United States, namely giving bribes, accepting bribes, and depriving the United States and citizens of New Jersey of their right to honest services by engaging in bribery through mail and wire fraud. You may conclude there were really two or more separate conspiracies.  Whether a single conspiracy or multiple conspiracies exist is a question of fact that you must decide.

In order to find Senator Menendez or Dr. Melgen guilty of the conspiracy charged in the indictment, you must find that the government proved beyond a reasonable doubt that the charged Defendant, whether Senator Menendez or Dr. Melgen, was a member of that conspiracy. If the government failed to prove that a Defendant was a member of the conspiracy charged in the indictment, then you must find that Defendant not guilty of conspiracy, even if you find that there were multiple conspiracies and that Senator Menendez or Dr. Melgen was a member of a separate conspiracy other than the one charged.  However, proof that Senator Menendez or Dr. Melgen was a member of some other conspiracy would not prevent you from also finding him guilty of the conspiracy charged in the indictment, if you find that the government proved beyond a reasonable doubt that the Defendant was a member of the conspiracy charged.

In deciding whether there was one single conspiracy or more than one conspiracy, you should concentrate on the nature of the agreement proved by the evidence.  To prove a single conspiracy, the government must prove beyond a reasonable doubt that each of the alleged

---

[46] This is Third Circuit Model Jury Instruction 6.18.371H, slightly modified to omit arguments by Defendants.

members or conspirators agreed to participate in what he or she knew or should have known was a single group activity directed toward a common objective.  The government must prove that there was a single agreement on an overall objective.

Multiple conspiracies are separate agreements operating independently of each other. However, a finding of a master conspiracy that includes other, sub-schemes does not constitute a finding of multiple, unrelated conspiracies.  A single conspiracy may exist when there is a continuing core agreement that attracts different members at different times and which involves different sub-groups committing acts in furtherance of an overall objective.

In determining whether a series of events constitutes a single conspiracy or separate and unrelated conspiracies, you should consider whether there was a common goal among the alleged conspirators; whether there existed common or similar methods; whether and to what extent alleged participants overlapped in their various dealings; whether and to what extent the activities of the alleged conspirators were related and interdependent; how helpful each alleged coconspirator's contributions were to the goals of the others; and whether the scheme contemplated a continuing objective that would not be achieved without the ongoing cooperation of the conspirators.

A single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members would play.  A single conspiracy may exist even if different members joined at different times, or the membership of the conspiracy changed over time.  Similarly, there may be a single conspiracy even though there were different sub-groups operating in different places, or many acts or transactions committed over a long period of time.  You may consider these things in deciding whether there was one single conspiracy or more than one conspiracy, but they are not necessarily controlling.  What is

controlling is whether the government has proved beyond a reasonable doubt that there was one overall agreement on a common objective.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 27**
**Count 2 – Travel Act**[47]

Senator Menendez and Dr. Melgen are also accused of violating the Travel Act, 18 U.S. Code Sections 1952.  In order to find either defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, that Senator Menendez, aided, abetted, and caused by Dr. Melgen, traveled in interstate and foreign commerce; from Newark, New Jersey to Paris, France; on or about April 8, 2010;

Second, that Senator Menendez and Dr. Melgen did so with a corrupt intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, which in this case is alleged to be bribery in violation of 18 U.S. Code Sections 201(b)(2)(A) and 201(b)(1)(A); and

Third, that, after this interstate and foreign travel, Senator Menendez, corruptly demanded, sought, received, accepted, and agreed to receive and accept, and Dr. Melgen corruptly gave, offered, promised, and agreed to give Senator Menendez, a hotel stay in the Park Hyatt Paris Vendôme in exchange for Senator Menendez being influenced in the performance of specific official acts that were agreed upon at the time of the exchange, in furtherance of promoting, managing, establishing carrying on or facilitating the crime of bribery in violation of 18 U.S. Code Sections 201(b)(2)(A) and 201(b)(1)(A).

---

[47] This is the First Circuit Model Jury Instruction 4.18.1952, as modified to reflect the specific charge.  There is no model Third Circuit instruction.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 28**
**Count 3 – Receiving Bribe by Public Official (Menendez)** [48]

Count 3 of the indictment charges Senator Menendez with demanding, seeking, or receiving a bribe while a public official, which is a violation of federal law.

In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about August 6, 2010, and on or about August 9, 2010, Senator Menendez demanded, sought, or received something of value, that is, a roundtrip flight on Dr. Melgen's private plane to the Dominican Republic, starting in the Washington Metropolitan Area and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida;

Second: That Senator Menendez was, at that time, a public official of the United States; and

Third: That Senator Menendez did so corruptly in return for Senator Menendez being influenced in the performance of specific official acts that were agreed upon at the time of the exchange, that is, Senator Menendez intended to perform an official act in exchange for this roundtrip flight with the understanding that he was being given a bribe.

---

[48] This is Third Circuit Model Jury Instruction 6.18.201B2. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 29**
**Count 4 – Bribery of a Public Official (Melgen)** [49]

Count 4 of the indictment charges Dr. Melgen with bribery of a public official, which is a violation of federal law.

In order to find Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That on or about August 6, 2010, and on or about August 9, 2010, Dr. Melgen gave, offered, or promised something of value, that is a roundtrip flight on Dr. Melgen's private plane to the Dominican Republic, starting in the Washington Metropolitan Area and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida to Senator Menendez;

Second: That Senator Menendez was, at that time, a public official; and

Third: That Dr. Melgen did so corruptly with the intent to influence an official act, that is, Dr. Melgen intended to give Senator Menendez this roundtrip flight in exchange for the performance of specific official acts that were agreed upon at the time of the exchange with the understanding that he was giving a bribe.

_____

[49] This is Third Circuit Model Jury Instruction 6.18.201B1. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).   The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 30**
**Count 5 – Receiving Bribe by Public Official (Menendez)** [50]

Count 5 of the indictment charges Senator Menendez with demanding, seeking, or receiving a bribe while a public official, which is a violation of federal law.

In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about September 3, 2010, and on or about September 6, 2010, Senator Menendez demanded, sought, or received something of value, that is, a roundtrip flight on Dr. Melgen's private plane to the Dominican Republic for himself and a guest, starting and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida;

Second: That Senator Menendez was, at that time, a public official of the United States; and

Third: That Senator Menendez did so corruptly in return for Senator Menendez being influenced in the performance of specific official acts that were agreed upon at the time of the exchange, that is, Senator Menendez intended to perform an official act in exchange for this roundtrip flight with the understanding that he was being given a bribe.

---

[50] This is Third Circuit Model Jury Instruction 6.18.201B2. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 31**
**Count 6 – Bribery of a Public Official (Melgen)** [51]

Count 6 of the indictment charges Dr. Melgen with bribery of a public official, which is a violation of federal law.

In order to find Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about September 3, 2010, and on or about September 6, 2010, Dr. Melgen gave, offered, or promised something of value, that is a roundtrip flight on Dr. Melgen's private plane to the Dominican Republic, starting and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida to Senator Menendez and a guest;

Second: That Senator Menendez was, at that time, a public official; and

Third: That Dr. Melgen did so corruptly with the intent to influence an official act, that is, Dr. Melgen intended to give Senator Menendez this roundtrip flight in exchange the performance of specific official acts that were agreed upon at the time of the exchange with the understanding that he was giving a bribe.

_____

[51] This is Third Circuit Model Jury Instruction 6.18.201B1. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 32**
**Count 7 – Receiving Bribe by Public Official (Menendez)** [52]

Count 7 of the indictment charges Senator Menendez with demanding, seeking, or receiving a bribe while a public official, which is a violation of federal law.

In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about October 8, 2010, and on or about October 11, 2010, Senator Menendez demanded, sought, or received something of value, from Dr. Melgen, that is, a roundtrip flight to West Palm Beach, Florida starting with a first-class commercial flight from Newark, New Jersey, and ending with a private chartered flight to the Washington Metropolitan Area;

Second: That Senator Menendez was, at that time, a public official of the United States; and

Third: That Senator Menendez did so corruptly in return for Senator Menendez being influenced in the performance of specific official acts that were agreed upon at the time of the

---

[52] This is Third Circuit Model Jury Instruction 6.18.201B2.  The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016):  "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official."  *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).  The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

exchange, that is, Senator Menendez intended to perform an official act in exchange for this roundtrip flight with the understanding that he was being given a bribe.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 33**
**Count 8 – Bribery of a Public Official (Melgen)** [53]

Count 8 of the indictment charges Dr. Melgen with bribery of a public official, which is a violation of federal law.

In order to find Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about October 8, 2010, and on or about October 11, 2010, Dr. Melgen gave, offered, or promised something of value, that is, a roundtrip flight to West Palm Beach, Florida starting with a first-class commercial flight from Newark, New Jersey, and ending with a private chartered flight to the Washington Metropolitan Area;

Second: That Senator Menendez was, at that time, a public official; and

Third: That Dr. Melgen did so corruptly with the intent to influence an official act, that is, Dr. Melgen intended to give Senator Menendez this roundtrip flight in exchange for the performance of specific official acts that were agreed upon at the time of the exchange with the understanding that he was giving a bribe.

---

[53] This is Third Circuit Model Jury Instruction 6.18.201B1. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 34**
**Count 9 – Receiving Bribe by Public Official (Menendez)** [54]

Count 9 of the indictment charges Senator Menendez with demanding, seeking, or receiving a bribe while a public official, which is a violation of federal law.

In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about May 16, 2012, Senator Menendez demanded, sought, or received something of value, from Dr. Melgen, that is, $40,000 for the New Jersey Democratic State Committee Victory Fund Account, and $20,000 for The Fund to Uphold the Constitution, a legal defense fund;

Second: That Senator Menendez was, at that time, a public official of the United States; and

Third: That, at the time of the exchange, Senator Menendez did so corruptly in return for Senator Menendez performing an official act, that is, advocacy to the State Department on behalf of Dr. Melgen in his contract dispute with the Government of the Dominican Republic with the understanding that he was being given a bribe.

―――――――――――――――――

[54] This is Third Circuit Model Jury Instruction 6.18.201B2.  The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016):  "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official."  *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).  The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 35**
**Count 10 – Bribery of a Public Official (Melgen)**[55]

Count 10 of the indictment charges Dr. Melgen with bribery of a public official, which is a violation of federal law.

In order to find Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about May 16, 2012, Dr. Melgen gave, offered, or promised something of value, that is, $40,000 for the New Jersey Democratic State Committee Victory Fund Account, and $20,000 for The Fund to Uphold the Constitution, a legal defense fund;

Second: That Senator Menendez was, at that time, a public official; and

Third: That, at the time of the exchange, Dr. Melgen did so corruptly in return for Senator Menendez performing an official act, that is, advocacy to the State Department on behalf of Dr. Melgen in his contract dispute with the Government of the Dominican Republic with the understanding that he was giving a bribe.

---

[55] This is Third Circuit Model Jury Instruction 6.18.201B1. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 36**
**Count 11 – Receiving Bribe by Public Official (Menendez) [56]**

Count 11 of the indictment charges Senator Menendez with demanding, seeking, or receiving a bribe while a public official, which is a violation of federal law.

In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about June 1, 2012, Senator Menendez demanded, sought, or received something of value, from Dr. Melgen, that is, approximately $300,000 for Majority PAC that was earmarked for the New Jersey Senate race;

Second: That Senator Menendez was, at that time, a public official of the United States; and

Third: That, at the time of the exchange, Senator Menendez did so corruptly in return for Senator Menendez performing an official act, that is, advocacy to the highest levels of CMS and HHS on behalf of Dr. Melgen in his Medicare billing dispute with the understanding that he was being given a bribe.

---

[56] This is Third Circuit Model Jury Instruction 6.18.201B2. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 37**
**Count 12 – Bribery of a Public Official (Melgen)** [57]

Count 12 of the indictment charges Dr. Melgen with bribery of a public official, which is a violation of federal law.

In order to find Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, on or about June 1, 2012, Dr. Melgen gave, offered, or promised something of value, that is, approximately $300,000 for Majority PAC that was earmarked for the New Jersey Senate race;

Second: That Senator Menendez was, at that time, a public official; and

Third: That, at the time of the exchange, Dr. Melgen did so corruptly in return for Senator Menendez performing an official act, that is, advocacy to the highest levels of CMS and HHS on behalf of Dr. Melgen in his Medicare billing dispute with the understanding that he was giving a bribe.

---

[57] This is Third Circuit Model Jury Instruction 6.18.201B1. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 38**
**Count 13 – Receiving Bribe by Public Official (Menendez) [58]**

Count 13 of the indictment charges Senator Menendez with demanding, seeking, or receiving a bribe while a public official, which is a violation of federal law.

In order to find Senator Menendez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, from on or about September 30, 2012, to on or about October 12, 2012, Senator Menendez demanded, sought, or received something of value, from Dr. Melgen, that is, approximately $103,500 for various New Jersey county Democratic Party entities, and approximately $300,000 for Majority PAC that was earmarked for the New Jersey Senate race;

Second: That Senator Menendez was, at that time, a public official of the United States; and

Third: That, at the time of the exchange, Senator Menendez did so corruptly in return for Senator Menendez performing an official act, that is, advocacy to the highest levels of CMS and HHS on behalf of Dr. Melgen in his Medicare billing dispute with the understanding that he was being given a bribe.

---

[58] This is Third Circuit Model Jury Instruction 6.18.201B2. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 39**
**Count 14 – Bribery of a Public Official (Melgen)** [59]

Count 14 of the indictment charges Dr. Melgen with bribery of a public official, which is a violation of federal law.

In order to find Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That, from on or about September 30, 2012, to on or about October 12, 2012, Dr. Melgen gave, offered, or promised something of value, that is, approximately $103,500 for various New Jersey county Democratic Party entities, and approximately $300,000 for Majority PAC that was earmarked for the New Jersey Senate race;

Second: That Senator Menendez was, at that time, a public official; and

Third: That, at the time of the exchange, Dr. Melgen did so corruptly in return for Senator Menendez performing an official act, that is, advocacy to the highest levels of CMS and HHS on behalf of Dr. Melgen in his Medicare billing dispute with the understanding that he was giving a bribe.

---

[59] This is Third Circuit Model Jury Instruction 6.18.201B1. The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 40**
**Counts 3-14:  Bribery of a Public Official – "Public Official" Defined**[60]

The term "public official" includes a Member of Congress.

_____

[60] This is Third Circuit Model Jury Instruction 6.18.201B1-1, simplified to exclude other categories of public officials.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 41**
**Counts 9-14 & 17:  Gifts Are Not Automatically Bribes**

Gifts to public officials are not automatically bribes.  Senators are people too, and they are allowed to have friends.  Senators and their friends are allowed to exchange gifts among themselves out of friendship or for other lawful reasons, and those gifts are not bribes because they are given out of friendship and not corruptly given in exchange for a specific official act.

Bribery may not be founded on a mere attempt to curry favor.  There is a critical difference between bribery and generalized gifts provided in an attempt to build goodwill.[61] Bribery laws are designed solely to prevent *quid pro quo* corruption, where an elected official corruptly exchanges his or her official act for something of value.[62]  But ingratiation and access are not corruption.[63]

Standing alone, providing gifts to public officials are not crimes, even if they are provided by someone seeking to curry favor or influence with those officials.  It is not illegal to give a thing of value to a public official merely to build a reservoir of goodwill that might

---

[61] *United States v. Sun–Diamond Growers of California*, 526 U.S. 398, 405 (1999) (giving a gift "to build a reservoir of goodwill" is no crime); *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("[B]ribery may not be founded on a mere attempt to *curry favor* . . . . [T]here is a critical difference between bribery and generalized gifts provided in an attempt to build goodwill.").

[62] *Citizens United v. FEC*, 558 U.S. 310 (2010), and its progeny hold "that Congress may take action only to address *quid pro quo* corruption and not the appearance of mere influence or access."  *Lodge No. 5 of the FOP v. City of Philadelphia*, 763 F.3d 358, 379 (3d Cir. 2014) (quotation marks omitted).   To allow prosecutions based on anything less would chill constitutionally protected conduct, such as a supporter's attempt to "garner influence over or access to elected officials," *McCutcheon v. FEC*, 134 S. Ct. 1434, 1451 (2014) (plurality op.), or a legislator's efforts "to be appropriately responsive to the preferences of [his] supporter," *Williams-Yulee v. The Florida Bar*, 135 S. Ct. 1656, 1667 (2015).

[63] *Citizens United v. FEC*, 558 U.S. 310, 360 (2010) ("Ingratiation and access . . . are not corruption.").

ultimately affect one or more unspecified acts, now or in the future.  Offering hospitality to a public official would not violate the bribery or honest services fraud statutes if the intent of the defendant was simply to cultivate a personal, business, or political friendship.[64]  It is insufficient for the government to show that Dr. Melgen gave a gift to Senator Menendez to facilitate his path to power, in the hope that, by building up a reservoir of goodwill with Senator Menendez, the Senator would use his power to benefit Dr. Melgen.[65]

In addition, the practice of using hospitality, including lavish hospitality, to cultivate business or political relationships is longstanding and pervasive.  You may believe that all such hospitality is not appropriate or even reprehensible and should be flatly prohibited by law, but that is not the law.  Gift giving to cultivate business or political friendships is not against the law. Not all unappealing conduct is criminal.  Your job is to determine whether the government has proven beyond a reasonable doubt that Senator Menendez or Dr. Melgen has violated the law as it is actually written, and not what you would prefer the law to be.[66]

---

[64] Paragraph adapted largely verbatim from Jury Instruction No. 28 ("Legitimate Gifts and Lobbying"), *United States v. Ring*, No. 08-CR-274 (D.D.C. Nov. 4, 2010) (ECF No. 222).  *See also, e.g.*, *United States v. Frega*, 179 F.3d 793, 807 n.17 (9th Cir. 1999) ("A gift bestowed on a judge solely out of friendship, to promote good will, or for motive wholly unrelated to influence over official action does not violate the bribery statutes[.]").

[65] *United States v. Tavares*, 844 F.3d 46, 56 (1st Cir. 2016) (reversing a conviction as it was insufficient that the "evidence may suffice to show that O'Brien gave the [favor] to [the public official] to facilitate his path to power in the state house, in the hope that, by building up a 'reservoir of goodwill' with [the public official], the future speaker would use his power to benefit [the favor doer]").

[66] *See, e.g.*, *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996) ("*The practice of using hospitality, including lavish hospitality, to cultivate business or political relationships is longstanding and pervasive*.  The government does not argue, and we do not believe, that payments for entertainment, lodging, golf, sports events, and the like would constitute violations of the Travel Act (or mail and wire fraud statutes) if the aim of the lobbyist were simply to cultivate a business or political 'friendship' with the legislator.  *It may be that all such hospitality*

78

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 42**
**Counts 3-14:  Gifts To Obtain Influence Or Access To Public Officials Are Not Prohibited As Bribery**

It is important to recognize that we live in a representative democracy, which means that we elect public officials, including Senators, to represent our interests.  Citizens depend on elected officials to hear their concerns and represent their interests, and elected officials depend on the support of voters to be reelected.  Consequently, there is nothing illegal about a citizen's attempt to garner influence over or access to elected officials, or by an elected official's efforts to be appropriately responsive to the preferences of their supporters.  Favoritism and influence are inevitable in representative politics, and not all citizens will have the same access to or influence over a particular elected official as others.  Bribery laws are not intended to prohibit citizens from spending money in an effort to obtain influence or access to elected officials, but instead

*should be flatly prohibited by law*, but if Sawyer had this limited intent – to cultivate friendship rather than to influence an official act – the federal statutes here involved would not be violated.") (emphasis added); *id.* ("[W]here the difference between lawful and unlawful turns primarily on intent, and the lawful conduct is itself most unattractive, we think the jury needs to be told specifically that the defendant has not violated the bribery component of the Travel Act (or committed honest services fraud) if his intent was limited to the cultivation of business or political friendship.  Only if instead or in addition there is an intent to cause the recipient to alter her official acts may the jury find a theft of honest services or the bribery predicate of the Travel Act.  Absent some explicit explanation of this kind, the conventional charge will be slanted in favor of conviction."); *see also United States v. Woodward*, 149 F.3d 46, 53-55 (1st Cir. 1998) (noting that in *Sawyer* the Court "mandated a protective instruction to be used in cases such as this, which would help the jury understand the difference between 'reprehensible conduct' which is *not* a violation of federal law, and misconduct which does form the basis for a federal conviction" such that there is no liability if the "*intent was limited to the cultivation of business or political friendship*" and liability "*only if instead or in addition, there is an intent to cause the recipient to alter her official acts*") (emphasis added).

are designed to prevent *quid pro quo* corruption where an elected official essentially sells his or her decision on official acts in exchange for something of value. [67]

---

[67] *McCutcheon v. FEC*, 134 S. Ct. 1434 (2014), explained "the possibility that an individual who spends large sums of money may garner 'influence or access to' elected officials or political parties . . . does not give rise to such *quid pro quo* corruption." *Id.* at 1450-51. Accordingly, "the Government may not seek to limit the appearance of mere influence or access." *Id.* at 1451. The Supreme Court has explained that efforts to influence and obtain access to elected officials cannot be prohibited due to the First Amendment:

> The fact that speakers *have influence over and access to* elected officials does not mean that these officials are corrupt: "*Favoritism and influence* are not . . . avoidable in representative politics. It is in the nature of an elected representative to favor certain policies, and, by necessary corollary, to favor the voters and contributors who support those policies. It is well understood that a substantial and legitimate reason, if not the only reason, to cast a vote for, or to make a contribution to, one candidate over another is that the candidate *will respond* by producing those political outcomes the supporter favors. Democracy is premised on *responsiveness*." Reliance on a "generic *favoritism or influence theory* . . . is at odds with standard First Amendment analyses because it is unbounded and susceptible to no limiting principle."

*Citizens United v. FEC*, 558 U.S. 310, 359 (2010) (quoting *McConnell v. FEC*, 540 U.S. 93, 296-97 (2003) (emphasis added)). "Ingratiation and access, in any event, are not corruption." *Id.* at 360. The Supreme Court recently distinguished legislative campaigns, where "politicians are expected to be appropriately *responsive* to the preferences of their supporter" and it is expected that an elected legislators (unlike a judge) will provide "*special consideration*" to his supporters. *Williams-Yulee v. The Florida Bar*, 135 S. Ct. 1656, 1667 (2015) (emphasis added). "'Favoritism,' *i.e.*, partiality," may be "inevitable in the political arena." *Id.* at 1674 (Ginsburg, J., concurring); *see also* ("'Favoritism and influence' are inevitable 'in *representative* politics.'") (emphasis in original) (citations omitted). The Ninth Circuit most recently explained these more recent decisions "narrowed the scope of the anti-corruption rationale to cover *quid pro quo* corruption only, as opposed to money spent to obtain *influence over or access to elected officials*." *Lair v. Bullock*, 2015 WL 3377841, at *7 (9th Cir. May 26, 2015) (emphasis added). The Ninth Circuit overturned its prior precedent that "relied on a state's interest in combatting 'influence,' whereas *Citizens United* narrowed the analysis to include quid pro quo corruption but to exclude the state's interest in combatting 'influence.'" *Id.* Likewise, the Third Circuit has reiterated that the recent Supreme Court decisions mean "that Congress may take action only to address *quid pro quo* corruption and not 'the appearance of mere influence or access.'" *Lodge No. 5 of the FOP v. City of Philadelphia*, 763 F.3d 358, 379 (3d Cir. 2014).

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 43**
**Counts 9-14 & 17:  Political Contributions Cannot Be Bribes Without An Explicit *Quid Pro Quo* Agreement**

Counts 9 through 14, and 17 are based on theories of bribery or honest service fraud through bribery that involve the making or receiving of political contributions.  Political contributions and fundraising are an important, unavoidable, and completely legitimate part of the American system of privately financed elections.  The law recognizes that virtually every political contribution is given to an elected public official because the giver supports the acts done or to be done by the elected official.  The Supreme Court has recognized that legitimate, honest political contributions are given to reward public officials with whom the donor agrees and in the generalized hope that that official will continue to take similar official acts in the future.  Official acts that advance the interests of a donor, taken shortly before or after political contributions are solicited or received from the donor, can, depending on the circumstances, be perfectly legal and appropriate.[68]

In order for the government to prove that a political contribution was a bribe, it must prove beyond a reasonable doubt that there was an explicit *quid pro quo* agreement between Dr. Melgen and Senator Menendez about that contribution.  In other words, the government must prove beyond a reasonable doubt that Dr. Melgen made the political contributions specified in each of Counts 9 through 14 and Count 17 in return for an explicit promise or undertaking by Senator Menendez to perform the official act allegedly linked to that contribution.[69]  For any

---

[68] Paragraph adapted largely verbatim from Jury Instruction No. 27 ("Campaign Contributions"), *United States v. Ring*, No. 08-CR-274 (D.D.C. Nov. 4, 2010) (ECF No. 222).

[69] Paragraph adapted from this Court's analysis of the *McCormick* standard in *United States v. Menendez*, 137 F. Supp. 3d 635, 641-43 (D.N.J. 2015) (Walls, J.); *see also McCormick v. United*

given count, if the Government does not prove this beyond a reasonable doubt, you must acquit

Dr. Melgen and Senator Menendez on that count.

*States*, 500 U.S. 257, 273 (1991) (holding that a defendant can be convicted of extorting campaign contributions under color of official right "only if the payments are made in return for an explicit promise or undertaking by the official to perform or not perform an official act").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 44**
**Counts 11-14 & 17:  Contributions to Super PACs Are Not Bribes Absent Spending**
**Coordination between the Super PAC and the Supported Candidate[70]**

Counts 11 through 14 and Count 17 are based on theories of bribery or honest service fraud through bribery that involve the making or receiving of political contributions to Senate Majority PAC, also known as Majority PAC.  Majority PAC is what is sometimes called a "Super PAC."  A Super PAC is a political action committee that can spend money to support a candidate for federal office -- but if it does, its spending must be independent of the campaign that is run by the candidate or candidates that the Super PAC supports.  For example, a Super PAC may advocate that a particular candidate be elected, but it cannot coordinate with that candidate's campaign in deciding what to say or how to communicate it.  Because a Super PAC is independent from candidates in this way, it is not bound by limits on the money it spends or the contributions it receives.[71]

As I have explained, political contributions and fundraising are an important, unavoidable, and completely legitimate part of the American system of privately financed

---

[70] This is the first known case in which the government is charging a properly disclosed contribution to a *bona fide* Super PAC as a crime.  These issues were the subject of Defendants' pretrial Motion to Dismiss No. 9 (DE 56).  The Court's denial of that Motion acknowledged that the Super PAC issues presented factual questions, which the Court remained open to entertaining on a Rule 29 motion.  *See United States v. Menendez*, 137 F. Supp. 3d 635, 640 (D.N.J. 2015) (Walls, J.).  As a factual question, these issues warrant a separate jury instruction, given the unprecedented nature of the Super PAC charges here.

[71] *McCutcheon v. FEC*, 134 S. Ct. 1434, 1442 n.2 (2014) ("A PAC is a business, labor, or interest group that raises or spends money in connection with a federal election, in some cases by contributing to candidates. A so-called 'Super PAC' is a PAC that makes only independent expenditures and cannot contribute to candidates.  The base and aggregate limits govern contributions to traditional PACs, but not to independent expenditure PACs.").

elections.[72]  You have a constitutional right to spend as much of your own money as you want to

advocate for or against a political candidate, as long as you spend your money independently of

that candidate; in other words, you cannot coordinate your spending with that candidate.[73]

Similarly, corporations, labor organizations, and political committees may make unlimited

independent expenditures from their own funds, and individuals may contribute unlimited funds

to a Super PAC.[74]

      Independent expenditures, such as those made by Super PACs, do not give rise to

corruption or the appearance of corruption.[75]  By definition, an independent expenditure is

---

[72] Sentence adapted from Jury Instruction No. 27 ("Campaign Contributions"), *United States v. Ring*, No. 08-CR-274 (D.D.C. Nov. 4, 2010) (ECF No. 222).

[73] *See generally Buckley v. Valeo*, 424 U.S. 1 (1976).

[74] FEC Advisory Op. 2010-11, 2010 WL 3184269, at *2 (July 22, 2010) ("Following *Citizens United* and [*SpeechNow.org v. FEC*, 599 F.3d 686 (D.C. Cir. 2010) (*en banc*)], corporations, labor organizations, and political committees may make unlimited independent expenditures from their own funds, and individuals may pool unlimited funds in an independent expenditure-only political committee.  It necessarily follows that corporations, labor organizations and political committees also may make unlimited contributions to organizations such as the Committee that make only independent expenditures.").

[75] *Citizens United*, 558 U.S. at 357 ("Independent expenditures, including those made by corporations, do not give rise to corruption or the appearance of corruption."); *see also id.* at 360 ("[I]ndependent expenditures do not lead to, or create the appearance of, quid pro quo corruption."); *accord Ariz. Free Enter. Club's Freedom Club PAC v. Bennett*, 131 S. Ct. 2806, 2826 (2011) (explaining that this was *Citizens United*'s holding). "When *Buckley* identified a sufficiently important governmental interest in preventing corruption or the appearance of corruption" that could might justify burdens on First Amendment-protected political contributions, "that interest was limited to *quid pro quo* corruption."  *Citizens United*, 558 U.S. at 358.  Thus, "[t]he Court [in *Citizens United*] held that the governmental interest in preventing corruption and its appearance is inapplicable to independent advocacy of candidates."  Br. of FEC, *Stop This Insanity, Inc. v. FEC*, No. 13-5008, 2013 WL 2280073, at *5 (D.C. Cir. filed May 23, 2013).

political speech presented to the electorate that is not coordinated with a candidate.[76]  The absence of prearrangement and coordination of a Super PAC's expenditure with the candidate or his agent not only undermines the value of the expenditure to the candidate, but also alleviates the danger that Super PAC expenditures will be given as a *quid pro quo* for improper commitments from the candidate.[77]  The separation between candidates and Super PACs negates the possibility that independent expenditures will result in the sort of *quid pro quo* corruption charged in this case.[78]

Conversely, *quid pro quo* corruption could arise in the presence of prearrangement and coordination of a Super PAC's expenditure with the candidate or his agent.  However, just because a person asks a Super PAC to spend his or her contribution in support of a single candidate, this does not mean that the Super PAC's spending is coordinated with that candidate.[79]

---

[76] *Citizens United*, 558 U.S. at 360 ("By definition, an independent expenditure is political speech presented to the electorate that is not coordinated with a candidate.").

[77] *Citizens United*, 558 U.S. at 357 ("The absence of prearrangement and coordination of an expenditure with the candidate or his agent not only undermines the value of the expenditure to the candidate, but also alleviates the danger that expenditures will be given as a quid pro quo for improper commitments from the candidate." (quoting *Buckley*, 424 U.S. at 47)).

[78] *Ariz. Free Enter. Club's Freedom Club PAC v. Bennett* ("*Freedom Club PAC*"), 131 S. Ct. 2806, 2826-27 (2011) ("By definition, an independent expenditure is political speech presented to the electorate that is not coordinated with a candidate.' The candidate-funding circuit is broken.  The separation between candidates and independent expenditure groups negates the possibility that independent expenditures will result in the sort of *quid pro quo* corruption with which our case law is concerned." (quoting *Citizens United*, 558 U.S. at 360)); *accord Lodge No. 5 of Fraternal Order of Police ex rel. McNesby v. City of Philadelphia*, 763 F.3d 358, 378 (3d Cir. 2014) ("[T]he intervention of a political action committee that is independent of a specific candidate breaks the 'candidate-funding circuit.'" (quoting *Freedom Club PAC*, 131 S. Ct. at 2826).

[79] *E.g.*, *N.Y. Progress & Protection PAC v. Walsh*, 733 F.3d 483, 488 n.3 (2d Cir. 2013) ("Under *Buckley* and *Citizens United*, 'absence of prearrangement and coordination' with a candidate are the hallmarks of committee independence.  *An independent committee's choice to advocate on*

In order to charge Dr. Melgen's constitutionally protected contributions to Majority PAC as bribes, the Government must first prove beyond a reasonable doubt that Majority PAC prearranged and coordinated its spending with Senator Menendez.  If the Government does not prove this beyond a reasonable doubt, you must acquit Dr. Melgen and Senator Menendez on Counts 11 through 14 and Count 17.

However, even if the Government proves this beyond a reasonable doubt, then, as I have previously instructed you, these political contributions still cannot be bribes without an explicit *quid pro quo* agreement.  The Government must also prove beyond a reasonable doubt that Dr. Melgen made the Super PAC contributions specified in each of Counts 11 through 14 and Count 17 in return for an explicit promise or undertaking by Senator Menendez to perform the official act(s) allegedly linked to each contribution.[80]  For any given count, if the Government does not prove an explicit *quid pro quo* agreement beyond a reasonable doubt, you must acquit Dr. Melgen and Senator Menendez on that count.

---

*behalf of a single candidate,* and its formation after that candidate is nominated, are irrelevant." (emphasis added; citations omitted; quoting *Citizens United*, 558 U.S. at 345, and *Buckley*, 424 U.S. at 47)).

[80] Adapted from this Court's analysis of the *McCormick* standard in *United States v. Menendez*, 137 F. Supp. 3d 635, 641-43 (D.N.J. 2015) (Walls, J.); *see also McCormick v. United States*, 500 U.S. 257, 273 (1991) (holding that a defendant can be convicted of extorting campaign contributions under color of official right "only if the payments are made in return for an explicit promise or undertaking by the official to perform or not perform an official act").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 45**
**Counts 2-14:  Bribery of a Public Official – "Official Act" Defined** [81]

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust. The government must prove beyond a reasonable doubt that Senator Menendez intended to be influenced in the performance of a specific official act or acts at the time of the allegedly corrupt agreement.   The government must prove two things for Senator Menendez to have been influenced in the performance of such an official act or acts.

First, the government must identify an official act, which is an act that involves a formal exercise of governmental power, such as a lawsuit, hearing, or administrative determination.

---

[81] This is Third Circuit Model Jury Instruction 6.18.201B1-2, modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016).  The Supreme Court explained that being influenced in the performance of an official act has two requirements.  First, the Supreme Court emphasized that the list of terms in the definition of "official act" "connote a formal exercise of governmental power, such as a lawsuit, hearing, or administrative determination" and explained that "it seems clear that a typical meeting, telephone call, or event arranged by a public official does not qualify as a 'cause, suit, proceeding or controversy.'"  *Id.*  The further requirement that the official act be "'[p]ending' and 'may by law be brought' suggests something relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete."  *Id.* at 2369.  "Second, the Government must prove that the public official made a decision 'on' that question, matter, cause, suit, proceeding, or controversy, or agreed to do so."  *Id.* at 2368.  Other language in the instruction comes from *McDonnell*.  *Id.* at 2371 ("expressing support" is not an official act); *id.* ("the public official agreed to perform an 'official act' at the time of the alleged *quid pro quo*," and that "official act" "must be something specific and focused that is 'pending' or 'may by law be brought' before a public official.")  *id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)); *see also United States v. Boyland*, 2017 WL 2918840, at *6-7 (2d Cir. July 10, 2017) (government conceding that jury instructions that treat a public official "lobbying other governmental agencies, and advocating for his constituents" as an official act is erroneous under *McDonnell*.).

These are the kinds of acts that are relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete.   For example, merely arranging or hosting meetings; arranging or hosting event; contacting, calling, or speaking with other government officials; expressing support; lobbying other governmental agencies; and advocating for constituents or supporters to the Executive Branch; without more, are not official acts.

Second, the Government must prove that the public official made a decision on that question, matter, cause, suit, proceeding, or controversy, or agreed to do so.   A public official may gather information about an official act, discuss an official act with others, or express support or opposition to an official act, without that public official actually making a decision on an official act.   For example, a Senator would take an official action by voting on a bill, but merely discussing whether to vote for the bill with others would not be an official act.

The term "official act" includes the decisions or actions generally expected of the public official.   These decisions or actions do not need to be specifically described in any law, rule, or job description to be considered to be an "official act."   However, as explained above, not every action taken by a public official qualifies as an "official act."

In this case, the indictment alleges the following questions, matters, causes, suits, proceedings, or controversies: *(list alleged questions, matters, causes, suits, proceedings, or controversies)* [To Be Completed After *McDonnell* Issues Have Been Resolved At Trial].

In order to find the defendant guilty of this offense, you must also find that Senator Menendez made a decision, took an action, or agreed to make a decision or take an action on one or more of the identified questions, matters, causes, suits, proceedings, or controversies.[82]

---

[82] These last two sentences come from the Model Instruction.  The specific official acts charged should be included once the Court rules on Defendants' motion to dismiss under *McDonnell* and after the evidence has introduced evidence of a legitimate official act at trial.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 46**
**Counts 2-8:  Bribery of a Public Official – "Official Act" Does Not Include Having A Public Official On Retainer**[83]

Because the bribery statute requires that a specific official act or acts be identified at the time of the allegedly corrupt agreement, it is not sufficient for the government to prove that a public official accepted a thing of value in exchange for being influenced in the performance of unspecified acts as opportunities may arise in the future.  Because Counts 2 through 8 of the Indictment fail to specify any particular official act, but instead only allege that Senator Menendez agreed to take unspecified official acts "as opportunities arose," you must find Senator Menendez and Dr. Melgen not guilty on Counts 2 through 8.

---

[83] *See* Dt. 177-1, motion to dismiss based on *McDonnell*.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 47**
**Counts 9-14:  Bribery of a Public Official – "Official Act" Does Not Include Advocacy By A United States Senator To Executive Branch Officials**[84]

Our federal government is divided into three separate branches, a Legislative Branch, an Executive Branch, and a Judicial Branch, which creates a system of checks and balances so that no single branch of government becomes too powerful.  Public officials in one branch of government often want public officials in a different branch of government to take an official act, but, in our divided system of government, public officials in one branch of government cannot direct the official acts of public officials in different branches of government.  Keep in mind that when, for example, a Senator in the Legislative Branch advocates that a public official in the Executive Branch take an official act, the official act that is sought is one for the Executive Branch public official to take.  The Senator's advocacy is not itself an official act.

Counts 9 through 14 of the Indictment allege that Senator Menendez was bribed by Dr. Melgen to engage in "advocacy" to public officials in the Executive Branch with the intent of influencing their official acts, but those counts fail to allege that Senator Menendez exchanged being influenced with respect to his own official acts in return for bribes.  Consequently, Counts 9 through 14 fail to allege a crime, and you must find Senator Menendez and Dr. Melgen not guilty of these charges.

---

[84] *See* Dkt. 177-1, motion to dismiss based on *McDonnell*; *see also United States v. Boyland*, 2017 WL 2918840, at *6-7 (2d Cir. July 10, 2017) (government conceding that jury instructions that treat a public official "lobbying other governmental agencies, and advocating for his constituents" as an official act is erroneous under *McDonnell*.).

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 48**
**Counts 3-14:  Bribery of a Public Official – "Corruptly" Defined** [85]

A person offers a thing of value to a public official "corruptly" if the person acts knowingly and intentionally with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result influenced by the offer of the thing of value to the public official.  In this case, with respect to Dr. Melgen, "corruptly" refers to the donor's state of mind and indicates that he understands the payment as a bribe.

Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another.

_____

[85] This is Third Circuit Model Jury Instruction 6.18.201B1-3, as modified to reflect a charge of bribery.  *See United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 49**
**Counts 3-14:  Receiving Bribe by Public Official – "Corruptly" Defined** [86]

A public official demands, seeks, or receives a thing of value corruptly if the official accepts the item knowingly and intentionally with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result influenced by the receipt of the thing of value.  In this case, with respect to Senator Menendez, "corruptly" refers to the recipient's state of mind and indicates that he understands the payment as a bribe.

Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another.

---

[86] This is Third Circuit Model Jury Instruction 6.18.201B2-1, as modified to reflect a charge of bribery.  *See United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 50**
**Counts 3-14:  Change Official Actions**[87]

To establish bribery, as charged in Counts 3-14, the government must prove beyond a reasonable doubt that, in exchange for things of value from Dr. Melgen, Senator Menendez agreed to change an official position that he would otherwise have taken or to take official actions that they would not otherwise have taken but for those things of value.

---

[87] The Third Circuit has described bribery as requiring an agreement for the public official to change his position on an official act (otherwise there would be no need for anyone to pay a bribe). *United States v. Ciavarella*, 716 F.3d 705, 731-32 (3d Cir. 2013) ("For an honest services mail fraud conviction, in addition to the traditional mail fraud elements and that the scheme was conducted through the use of bribes or kickbacks, the Government must also prove: (1) 'that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take'; and (2) 'that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor.'") (quoting *United States v. Wright*, 665 F.3d 560, 568 (3d Cir. 2012). This Court accepted that definition of bribery earlier in this case, but found that it was adequately charged in the Indictment. *United States v. Menendez*, 137 F. Supp. 3d 709, 724-45 (D.N.J. 2015) (Walls, J.) ("That Menendez intended to take acts he would not otherwise have taken is adequately charged by alleging a scheme to defraud the United States of his honest services 'through bribery,' and paragraphs 70 through 227 allege circumstantial evidence in support of the allegation."). Other courts take a similar view. *See, e.g.*, *United States v. Tavares*, 844 F.3d 46, 56 (1st Cir. 2016) (evidence of a gratuity given to a state legislator to reward him for a vote insufficient where the giver was unaware that the legislator had "change[d]" his vote to benefit the giver); *United States v. Urciuoli*, 613 F.3d 11, 15 (1st Cir. 2010) (affirming jury instruction that required the government to "prove beyond a reasonable doubt the [the defendant] intended the payment to cause [the named legislator] to change an official position that he would otherwise have taken or to take official actions that he would not have taken but for the payment") (Souter, J., on panel); *see also United States v. Woodward*, 149 F.3d 46, 55 (1st Cir. 1998) (bribery requires an "intent to cause the recipient to alter her official acts.") (quoting *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996)).

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 51**
**Count 15:  Wire Fraud - Elements of the Offense** [88]

Count 15 of the indictment charges Senator Menendez and Dr. Melgen with wire fraud, which is a violation of federal law.

In order to find either Senator Menendez or Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt as to that Defendant:

First: That the charged Defendant knowingly devised a scheme to defraud or to obtain the intangible right of honest services through bribery by materially false or fraudulent pretenses, representations or promises;

Second: That the charged Defendant acted with the intent to defraud through bribery; and

Third: That in advancing, furthering, or carrying out the scheme, the charged Defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce, that is the pilot of Dr. Melgen's private plane, on which Senator Menendez was a passenger, sent a signal and sound in New Jersey airspace to air traffic control in New York on August 9, 2010.

---

[88] This is Third Circuit Model Jury Instruction 6.18.1343.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 52**
**Count 16:  Wire Fraud - Elements of the Offense** [89]

Count 16 of the indictment charges Senator Menendez and Dr. Melgen with wire fraud, which is a violation of federal law.

In order to find either Senator Menendez or Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt as to that Defendant:

First: That the charged Defendant knowingly devised a scheme to defraud or to obtain the intangible right of honest services through bribery by materially false or fraudulent pretenses, representations or promises;

Second: That the charged Defendant acted with the intent to defraud through bribery; and

Third: That in advancing, furthering, or carrying out the scheme, the charged Defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce, that is the pilot of Dr. Melgen's private jet, on which Senator Menendez was a passenger, sent a signal and sound in New Jersey airspace to air traffic control in New York on September 6, 2010.

---

[89] This is Third Circuit Model Jury Instruction 6.18.1343.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 53**
**Count 17:  Mail Fraud - Elements of the Offense** [90]

Count 17 of the indictment charges Senator Menendez and Dr. Melgen with wire fraud, which is a violation of federal law.

In order to find either Senator Menendez or Dr. Melgen guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt as to that Defendant:

First: That the charged Defendant knowingly devised a scheme to defraud or to obtain the intangible right of honest services through bribery by materially false or fraudulent pretenses, representations or promises;

Second: That the charged Defendant acted with the intent to defraud through bribery; and

Third: That in advancing, furthering, or carrying out the scheme, the charged Defendant used the mails or a commercial interstate carrier, or caused a commercial interstate carrier to be used, specifically that the charged Defendant caused FedEx to be used to send a June 1, 2012 check for $300,000 to Majority PAC, earmarked for New Jersey, on June 5, 2012 from New Jersey to Washington, D.C.

---

[90] This is Third Circuit Model Jury Instruction 6.18.1343, as modified for mail fraud.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 54**
**Count 15-17:  Mail, Wire, or Bank Fraud – "Scheme to Defraud" Defined** [91]

The first element that the government must prove beyond a reasonable doubt is that Senator Menendez or Dr. Melgen knowingly devised or willfully participated in a scheme to defraud the United States and the citizens of New Jersey of the intangible right of honest services through bribery.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.  Here, the government alleges that fraud was committed by the defendants concealing the alleged bribery.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of the intangible right of honest services by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.  In this case, the indictment alleges that the scheme to defraud was carried out by making false statements with respect to the alleged bribery.  The representations which the government charges were made as part of the scheme to defraud are set forth in the indictment.  The government is not required to prove every misrepresentation charged in the indictment.  It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.  However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

---

[91] This is Third Circuit Model Jury Instruction 6.18.1341-1, as modified to reflect the Indictment is based on bribery.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone.  If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision, for example a fact that a reasonable citizen would want to know before voting for a public official.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered

important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of the intangible right of honest services through bribery.

However, the government is not required to prove that Senator Menendez or Dr. Melgen originated the scheme to defraud.  Furthermore, it is not necessary that the government prove that Senator Menendez or Dr. Melgen actually realized any gain from the scheme or that the intended victim actually suffered any loss.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the scheme charged in the indictment, you should then consider the second element.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 55**
**Count 15-17:  Mail or Wire Fraud – Protected Interests: Honest Services** [92]

A public official or employee owes a duty of honest, faithful and disinterested service to the public and to the government that he serves.  The public relies on officials of the government to act for the public interest, not for their own enrichment.  A public official who accepts a bribe, as I previously defined bribery for you, breaches the duty of honest, faithful, and disinterested service.  While outwardly appearing to be exercising independent judgment in his official work, the public official instead has been paid privately for his public conduct.  Thus, the public is not receiving the public official's honest and faithful service to which it is entitled.

If you find beyond a reasonable doubt that Senator Menendez has violated the duty to provide honest services through a scheme to defraud as defined here, or if you find beyond a reasonable doubt that Dr. Melgen engaged in a scheme defraud that would cause Senator Menendez to violate the duty to provide honest services as defined here, then you may find the first element of the particular mail and wire fraud counts charged against either Senator Menendez or Dr. Melgen, respectively, in Counts 15 through 17 satisfied.

---

[92] This is Third Circuit Model Jury Instruction 6.18.1341-3, as modified to be plural and reflect the language of the charges.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 56**
**Count 15-17:  Mail or Wire Fraud – "Intent to Defraud" Defined** [93]

The second element that the government must prove beyond a reasonable doubt is that Senator Menendez or Dr. Melgen acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Senator Menendez or Dr. Melgen acted with an intent to defraud, you may consider, among other things, whether he acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

---

[93] This is Third Circuit Model Jury Instruction 6.18.1341-4.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 57**
**Count 15-16:  Wire Fraud – "Transmits by means of wire, radio, or television**
**communication in interstate commerce"- Defined** [94]

The third element that the government must prove beyond a reasonable doubt in Counts

15 through 16 is that in advancing, furthering, or carrying out the scheme, Senator Menendez or

Dr. Melgen transmitted a writing, signal, or sound by means of a wire, radio, or television

communication in interstate commerce or caused the transmission of a writing, signal, or sound

of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate

commerce" means to send from one state to another by means of telephone or telegraph lines or

by means of radio or television.  The phrase includes a telephone conversation by a person in one

state with a person in another state, or electronic signals sent from one state to another, such as

by fax or financial wire.

The government is not required to prove that Senator Menendez or Dr. Melgen actually

used a wire communication in interstate commerce or that Senator Menendez or Dr. Melgen

even intended that anything be transmitted in interstate commerce by means of a wire, radio, or

television communication to further, or to advance, or to carry out the scheme to defraud.

However, the government must prove beyond a reasonable doubt that a transmission by a wire,

radio, or television communication facility in interstate commerce was, in fact, used in some

manner to further, or to advance, or to carry out the scheme to defraud.  The government must

also prove either that Senator Menendez or Dr. Melgen used wire, radio, or television

communication in interstate commerce, or that Senator Menendez or Dr. Melgen knew the use of

---

[94] This is Third Circuit Model Jury Instruction 6.18.1343-1.

the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that Senator Menendez or Dr. Melgen should reasonably have anticipated that wire, radio, television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 58**
**Count 17:  Mail Fraud – "Use of the Mails" Defined** [95]

The third element that the government must prove beyond a reasonable doubt in Count 17 is that in advancing, furthering, or carrying out the scheme, Senator Menendez or Dr. Melgen used the mails or a private or commercial interstate carrier, or caused the mails or a private or commercial interstate carrier to be used.

The government is not required to prove that Senator Menendez or Dr. Melgen actually mailed anything or that Senator Menendez or Dr. Melgen even intended that the mails would be used to further, or to advance, or to carry out the scheme.

However, the government must prove beyond a reasonable doubt, that the mails or a private or commercial interstate carrier were, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.  The government must also prove either that Senator Menendez or Dr. Melgen used the mails, or that he knew the use of the mails or private or commercial interstate carrier would follow in the ordinary course of business or events, or that Senator Menendez or Dr. Melgen should reasonably have anticipated that the mails would be used.

It is not necessary that the item mailed or sent by carrier was itself false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.  However, the government must prove beyond a reasonable doubt that the use of the mails or private or commercial interstate carrier in some way furthered, or advanced, or carried out the scheme.

---

[95] This is Third Circuit Model Jury Instruction 6.18.1341-5.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 59**
**Counts 15-17:  Honest Services Fraud – Relation To Bribery Counts**

Counts 15 through 17 allege that the mails or wires were used in the commission of honest services fraud through bribery.  If you find that the government has not proven any element particular to the honest services fraud charges in Counts 15 through 17 as to any defendant, you must find that defendant not guilty.

In addition, these counts are linked to certain bribery counts:

Count 15 alleges that the bribe given was the trip charged in bribery Counts 3 and 4.

Count 16 alleges that the bribe given was the trip charged in bribery Counts 5 and 6.

Count 17 charges that the alleged bribe was the donation to Majority PAC that is charged in bribery Counts 11 and 12.

If you find that a defendant is not guilty on any of these bribery counts, then you must acquit that defendant of the corresponding honest services fraud count as well.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 60**
**Count 18:  Making a False Statement to a Federal Agency (Menendez)** [96]

Senator Menendez is charged with falsifying, concealing or covering up a material fact in a matter within the jurisdiction of the United States government.  For you to find Senator Menendez guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that Senator Menendez falsified, concealed or covered up a fact that he had a duty to disclose in financial disclosure forms that were filed with the Secretary of the United States Senate covering calendar years 2006, 2007, 2008, and 2010;

Second, that the fact was material;

Third, that Senator Menendez, falsified, concealed or covered up the fact by using a trick, scheme or device;

Fourth, that Senator Menendez acted knowingly and willfully; and

Fifth, that the fact pertained to a matter within the jurisdiction of the Legislative Branch.

A material fact or matter is one that has the natural tendency to influence or is capable of influencing the decision of the Secretary of the United States Senate to which it was addressed, regardless of whether the agency actually relied upon it.

---

[96] This is patterned after Sixth Circuit Model Criminal Jury Instruction 13.01.  The Third Circuit does not have a model instruction for false statements by way of concealment under Section 1001(a)(1).  The Third Circuit requires the government to prove beyond a reasonable doubt that a defendant had a duty to disclose when charging false statements by way of concealment under 18 U.S.C. § 1001(a)(1), as it is charged in Count 18.  *See United States v. Curran*, 20 F.3d 560, 566 (3d Cir. 1994); *see also United States v. Safavian*, 528 F.3d 957, 964-65 & n.8 (D.C. Cir. 2008).  Because there are multiple bases for violating Section 1001 in this charge, Senator Menendez has added a unanimity instruction based on Third Circuit Model Jury Instruction 6.18.1341-2.

The term 'using a trick, scheme, or device' means acting in a way intended to deceive others.

An act is done knowingly and willfully if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.  An act is not done knowingly if the defendant mistakenly believed that the statement was true.  If a defendant acted unintentionally or negligently that is not sufficient to satisfy the elements of this charge.

A statement is false if it was untrue when made.

Count 18 of the indictment alleges a number of separate false statements that were filed in different financial disclosure forms in different years.  The government is not required to prove all of the false statements that are alleged, but, in order to convict, you must unanimously agree that at least one of the alleged false statements was knowingly used by the defendant.  It is not sufficient that you all agree that a defendant had made at least one such false statement if you cannot agree on the same false statement.  Unless each of you agrees that the government has proven the same false statement was knowingly made by Senator Menendez beyond a reasonable doubt, you must find Senator Menendez not guilty on Count 18.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 61**
**Defense:  Theory Of The Case**[97]

**[*To be added after trial*]**

_____

[97] Third Circuit Model Jury Instruction 8.01 authorizes Defendants to present a theory of the case instruction.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 62**
**Defense:  Good Faith**[98]

The offenses charged in the indictment require proof that each Defendant acted with a criminal intent.  If you find that Senator Menendez or Dr. Melgen acted in "good faith," that alone would be a complete defense for that Defendant against any charge in the indictment, because good faith on the part of Senator Menendez or Dr. Melgen would be inconsistent with his acting with a criminal intent.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that his conduct was not unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect.  Thus, for example, in this case, if Senator Menendez made an honest mistake in forgetting to disclose a gift or had an honest misunderstanding about whether a gift should be disclosed on a financial disclosure form then he did not act with a criminal intent in failing to disclose that gift.  It also is possible that one defendant has acted in good faith while another has not.  For example, you may find that Dr. Melgen offered Senator Menendez a gift in good faith, but that Senator Menendez accepted the gift believing it to be a bribe, or, to state it the other way, you could find that Dr. Melgen offered Senator Menendez a gift corruptly as a bribe, but Senator Menendez accepted the gift believing in good faith that it had been offered for an innocent reason, for example, that it was offered out of friendship.   You may conclude that both defendants acted in good faith or that neither defendant acted in good faith.

---

[98] Third Circuit Model Jury Instruction 5.07, as modified for multiple defendants facing multiple charges.

The Defendants do not have the burden of proving "good faith."  Good faith is a defense because it is inconsistent with the requirement of the offenses charged.  As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element.  In deciding whether the government proved that Senator Menendez or Dr. Melgen acted with the criminal intent required of any particular charge or, instead, whether Senator Menendez or Dr. Melgen acted in good faith, you should consider all of the evidence presented in the case that may bear on each Defendant's state of mind.  If you find from the evidence that Senator Menendez or Dr. Melgen acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that Senator Menendez or Dr. Melgen acted with the criminal mental state for any of the charges, as I have instructed you, then you must find that Defendant not guilty of that offense.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 63**
**Verdict as to Defendants Only[99]**

You are here to determine whether the government has proven the guilt of Senator Menendez and Dr. Melgen for the charge in the indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.  So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of Senator Menendez and Dr. Melgen for the crime charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find Senator Menendez and Dr. Melgen not guilty.

---

[99] This is the Court's standard instruction, modified to reflect multiple defendants in the plural.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 64**
**Jurors' Duty**[100]

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

A verdict in a criminal case must be unanimous. That is to say, all twelve of you must commonly agree. The actual verdict is immaterial, as far as I am concerned, whether you find the person not guilty or guilty, but the verdict must be unanimous. The verdict must also represent the considered judgment of each of you as jurors.

It is your duty as jurors to consult with one another and to deliberate with view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.

Just as sympathy and bias are not to enter into your deliberations, the question of punishment is not to enter into your deliberations either. Punishment is left to the Judge and is therefore a function for the Court. Thus, it is for the Court, and the Court alone, to decide, in the event of a conviction, whether any penalties will be imposed, and what these penalties, if any, shall be. Your only concern is to determine guilt or innocence. You must make that determination by weighing the evidence as I have explained, drawing the inferences which you find warranted, and finding the facts to which you apply the law as I give it to you in these

---

[100] This is the Court's standard instruction.

113

instructions.  You are not to be swayed or influenced or concerned in your deliberations in any way by the question of any punishment that might be imposed.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

You are not partisans.  You are judges, judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 65**
**Verdict Form**[101]

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved either Senator Menendez or Dr. Melgen guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved either Senator Menendez or Dr. Melgen guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

---

[101] This is the Court's standard instruction, modified to reflect multiple defendants in the plural.

**DEFENDANTS' JOINT PROPOSED VERDICT FORM**[102]

     I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.  In checking any box below, whether that is a box for NOT Guilty or GUILTY, or a box for NOT PROVEN or PROVEN, the jury must be unanimous.  You should not check any box unless the jury is unanimous that the box should be checked.

---

[102] *Judge Hornby's Revisions to the First Circuit Pattern Criminal Jury Instructions* § 6.04. Following the first trial, this Court and the prosecution found the verdict form ambiguous with respect to whether a box checked "NO" reflected a unanimous finding that something was not proven.  (*See, e.g.*, Dkt. 569 at 4-5 (Court finding the "specific wording . . . inherently confusing" with respect to what a yes or no "response indicates," and questioning whether the answer "no" reflected a unanimous finding that something was not proven).)  To clarify, Defendants have substituted the "PROVEN" and "NOT PROVEN" language to better communicate what the jury intends, and have added language up front clarifying that any box that is checked must reflect a unanimous finding by the jury.

## **COUNT 1 (MENENDEZ)**

With respect to Count 1, conspiracy, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY          _____

If you find defendant Senator Robert Menendez NOT GUILTY, proceed to consider Count 1 as charged against Dr. Salomon Melgen.   If you find defendant Senator Robert Menendez GUILTY, please answer the following questions:

Which one or more of these did you unanimously find beyond a reasonable doubt:

(1) Senator Robert Menendez corruptly accepted a bribe from Dr. Salomon Melgen in exchange for being influenced in the performance of his official acts in violation of 18 U.S.C. § 201(b)(2)(A).

NOT PROVEN          _____          PROVEN          _____

If you find this was NOT PROVEN, consider the next object of the alleged conspiracy. If you find this was PROVEN, describe each thing of value that Senator Robert Menendez corruptly accepted from Dr. Salomon Melgen and which official act of Senator Robert Menendez that he agreed to be influenced in performing, in exchange for that thing of value at the time the exchange was made:

(2) Senator Robert Menendez corruptly caused Dr. Salomon Melgen to give him a bribe in exchange for being influenced in the performance of his official acts in violation of 18 U.S.C. § 201(b)(2)(A).

NOT PROVEN _____          PROVEN _____

If you find this was NOT PROVEN, consider the next object of the alleged conspiracy. If you find this was PROVEN, describe each thing of value that Senator Robert Menendez corruptly caused Dr. Salomon Melgen to give him and which official act of Senator Robert Menendez that he agreed to be influenced in performing in exchange for that thing of value at the time the exchange was made:

(3) Senator Robert Menendez conspired to defraud the United States and the citizens of New Jersey of his honest services as a public official through bribery.

NOT PROVEN _____          PROVEN _____

If you find this was NOT PROVEN, proceed to consider Count 1 as charged against Dr. Salomon Melgen.  If you find this was PROVEN, for any act of bribery found, describe what thing of value was provided by Dr. Salomon Melgen to Senator Menendez and what official act

Senator Menendez agreed to be influenced in performing in exchange for that thing of value at the time of the exchange:

## COUNT 1 (MELGEN)

With respect to Count 1, conspiracy, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY          _____

GUILTY          _____

If you find defendant Dr. Salomon Melgen NOT GUILTY, proceed to consider Count 2. If you find defendant Dr. Salomon Melgen GUILTY, please answer the following questions:

Which one or more of these did you unanimously find beyond a reasonable doubt:

(1) Dr. Salomon Melgen corruptly gave Senator Robert Menendez things of value in exchange for Senator Robert Menendez being influenced in the performance of his official acts in violation of 18 U.S.C. § 201(b)(1)(A).

NOT PROVEN          _____          PROVEN          _____

If you find this was NOT PROVEN, consider the next object of the alleged conspiracy. If you find this was PROVEN, describe each thing of value that Dr. Salomon Melgen corruptly gave Senator Robert Menendez and which official act Dr. Melgen intended for Senator Robert Menendez to be influenced in performing exchange for that thing of value at the time the exchange was made:

(2) Dr. Salomon Melgen corruptly caused Senator Robert Menendez to accept bribes in exchange for being influenced in the performance of his official acts in violation of 18 U.S.C. § 201(b)(2)(A).

NOT PROVEN        _____                PROVEN        _____

If you find this was NOT PROVEN, consider the next object of the alleged conspiracy. If you find this was PROVEN, describe each thing of value that Dr. Salomon Melgen caused Senator Robert Menendez to accept and which official act of Senator Robert Menendez that Dr. Salomon Melgen intended for Senator Robert Menendez to be influenced in performing in exchange for that thing of value at the time the exchange was made:

(3) Dr. Salomon Melgen conspired to defraud the United States and the citizens of New Jersey of his honest services as a public official through bribery.

NOT PROVEN        _____                PROVEN        _____

If you find this was NOT PROVEN, proceed to consider Count 2.  If you find this was PROVEN, for any act of bribery found, describe what thing of value was provided by Dr. Salomon Melgen to Senator Robert Menendez and what official act Dr. Salomon Melgen

intended for Senator Robert Menendez to be influenced in performing in exchange for that thing of value at the time the exchange was made:

## COUNT 2 (MENENDEZ)

With respect to Count 2, violation of the Travel Act to commit bribery, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY          _____

If you find defendant Senator Robert Menendez NOT GUILTY, proceed to consider Count 2 as charged against Dr. Salomon Melgen.  If you find defendant Senator Robert Menendez GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Senator Menendez agreed to be influenced in performing in exchange for the April 2010 hotel stay in Paris at the time of that exchange:

123

## COUNT 2 (MELGEN)

With respect to Count 2, violation of the Travel Act to commit bribery, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY          _____

GUILTY          _____

If you find defendant Dr. Salomon Melgen NOT GUILTY, proceed to consider Count 3. If you find defendant Dr. Salomon Melgen GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Senator Menendez agreed to be influenced in performing in exchange for the April 2010 hotel stay in Paris at the time of that exchange:

## COUNT 3 (MENENDEZ)

With respect to Count 3, accepting a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY               _____

If you find defendant Senator Robert Menendez NOT GUILTY, proceed to consider Count 4.  If you find defendant Senator Robert Menendez GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Senator Menendez agreed to be influenced in performing in exchange for the roundtrip travel to the Dominican Republic, starting in the Washington Metropolitan Area and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida, between August 6, 2010 and August 9, 2010:

## COUNT 4 (MELGEN)

With respect to Count 4, giving a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY          _____

GUILTY          _____

If you find defendant Dr. Salomon Melgen NOT GUILTY, proceed to consider Count 5. If you find defendant Dr. Salomon Melgen GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Dr. Salomon Melgen gave Senator Menendez with the intent of Senator Menendez being influenced in performing in exchange for the roundtrip travel to the Dominican Republic, starting in the Washington Metropolitan Area and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida, between August 6, 2010 and August 9, 2010:

## COUNT 5 (MENENDEZ)

With respect to Count 5, accepting a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY          _____

If you find defendant Senator Robert Menendez NOT GUILTY, proceed to consider Count 4.  If you find defendant Senator Robert Menendez GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Senator Menendez agreed to be influenced in performing in exchange for the roundtrip travel to the Dominican Republic, starting and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida, between September 3, 2010 and September 6, 2010:

## COUNT 6 (MELGEN)

With respect to Count 6, giving a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY          _____

GUILTY               _____

If you find defendant Dr. Salomon Melgen NOT GUILTY, proceed to consider Count 5. If you find defendant Dr. Salomon Melgen GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Dr. Salomon Melgen gave Senator Menendez with the intent of Senator Menendez being influenced in performing in exchange for the roundtrip travel to the Dominican Republic, starting and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida, between September 3, 2010 and September 6, 2010:

## COUNT 7 (MENENDEZ)

With respect to Count 7, accepting a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY          _____

If you find defendant Senator Robert Menendez NOT GUILTY, proceed to consider Count 4.  If you find defendant Senator Robert Menendez GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Senator Menendez agreed to be influenced in performing in exchange for roundtrip travel to West Palm Beach, Florida starting with a first-class commercial flight from Newark, New Jersey, and ending with a private chartered flight to the Washington Metropolitan Area, between October 8, 2010 and October 11, 2010:

## COUNT 8 (MELGEN)

With respect to Count 8, giving a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY          _____

GUILTY          _____

If you find defendant Dr. Salomon Melgen NOT GUILTY, proceed to consider Count 9. If you find defendant Dr. Salomon Melgen GUILTY, please answer the following question:

Describe which one or more official acts did you unanimously find beyond a reasonable doubt that Dr. Salomon Melgen gave Senator Menendez with the intent of Senator Menendez being influenced in performing in exchange for roundtrip travel to West Palm Beach, Florida starting with a first-class commercial flight from Newark, New Jersey, and ending with a private chartered flight to the Washington Metropolitan Area, between October 8, 2010 and October 11, 2010:

## COUNT 9 (MENENDEZ)

With respect to Count 9, accepting a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

      NOT GUILTY        _____

      GUILTY        _____

## <u>COUNT 10 (MELGEN)</u>

With respect to Count 10, giving a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

         NOT GUILTY       \_\_\_\_\_

         GUILTY          \_\_\_\_\_

## COUNT 11 (MENENDEZ)

With respect to Count 11, accepting a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY                  _____

## **COUNT 12 (MELGEN)**

With respect to Count 12, giving a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY          _____

GUILTY               _____

## COUNT 13 (MENENDEZ)

With respect to Count 13, accepting a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY               _____

## COUNT 14 (MELGEN)

With respect to Count 14, giving a bribe, we the jury unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY          _____

GUILTY              _____

## COUNT 15 (MENENDEZ)

With respect to Count 15, honest services fraud by wire through bribery, we the jury

unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY              _____

## COUNT 15 (MELGEN)

With respect to Count 15, honest services fraud by wire through bribery, we the jury

unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

NOT GUILTY            _____

GUILTY                    _____

## **COUNT 16 (MENENDEZ)**

With respect to Count 16, honest services fraud by wire through bribery, we the jury

unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY            _____

GUILTY                _____

## **COUNT 16 (MELGEN)**

With respect to Count 16, honest services fraud by wire through bribery, we the jury

unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

      NOT GUILTY      _____

      GUILTY          _____

## **COUNT 17 (MENENDEZ)**

With respect to Count 17, honest services fraud by mail through bribery, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY          _____

GUILTY               _____

## **COUNT 17 (MELGEN)**

With respect to Count 17, honest services fraud by mail through bribery, we the jury

unanimously find beyond a reasonable doubt the defendant Dr. Salomon Melgen

      NOT GUILTY        \_\_\_\_\_

      GUILTY             \_\_\_\_\_

## COUNT 18 (MENENDEZ)

With respect to Count 18, false statements, we the jury unanimously find beyond a reasonable doubt the defendant Senator Robert Menendez

NOT GUILTY        _____

GUILTY        _____

If you find defendant Senator Robert Menendez NOT GUILTY, proceed to the final instructions.  If you find defendant Senator Robert Menendez GUILTY, please answer the following questions:

Which one or more of the gifts did you unanimously find beyond a reasonable doubt were above the minimum dollar threshold subject that subjected Senator Robert Menendez to a duty to disclose that gift or gifts and that Senator Robert Menendez made a material misstatement by failing to disclose:

(1) Senator Robert Menendez knowingly and willfully made a material misstatement by failing to disclose flights that he received from Dr. Salomon Melgen and Dr. Melgen's companies on his financial disclosure forms covering calendar years 2006, 2007, 2008 and 2010.

NOT PROVEN        _____                PROVEN        _____

If you find this was NOT PROVEN, consider the next disclosure item.  If you find this was PROVEN, circle the disclosure form or forms in which you find that Senator Menendez knowingly and willfully failed to disclose those flights by calendar year: 2006, 2007, 2008, and/or 2010.

143

(2) Senator Robert Menendez knowingly and willfully made a material misstatement by failing to disclose car service that he received from Dr. Salomon Melgen on his financial disclosure form covering calendar year 2008.

        NOT PROVEN     \_\_\_\_\_         PROVEN     \_\_\_\_\_


(3) Senator Robert Menendez knowingly and willfully made a material misstatement by failing to disclose the Paris and Punta Cana hotel stays that he received from Dr. Salomon Melgen on his financial disclosure form covering calendar year 2010.

        NOT PROVEN     \_\_\_\_\_         PROVEN     \_\_\_\_\_


After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.