## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 2:15-cr-155** |
| **v.** | ) | **Hon. William H. Walls** |
| | ) | |
| **ROBERT MENENDEZ and** | ) | |
| **SALOMON MELGEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### UNITED STATES' RESPONSE TO DEFENDANTS'
### JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS

On September 1, 2017, defendants Robert Menendez and Salomon Melgen filed their proposals for this Court's preliminary jury charge and this Court's final jury charge. Dkt. No. 208. Both include instructions on the elements of the charged offenses that repeatedly misstate the applicable law by, among other things, misrepresenting controlling precedent, inventing elements, and importing dicta from civil cases about campaign finance regulations. The Government will offer its proposed final instructions and its objections to the defendants' erroneous ones at the appropriate time, nearer to the close of the case. In the meantime, however, the Court should reject outright the defendants' request to provide detailed offense instructions prior to the introduction of even a single piece of evidence.

The defendants offer no reason or authority necessitating this Court to deviate from its standard practice with respect to preliminary instructions in favor of the lengthy (and erroneous) explanation of the elements they seek. There is no such reason or authority. The jury's first duty is to find the facts and only *after* they do so to apply the law. *See* 3d Cir. Model Crim. Jury Instr. 3.01. That first duty should not be burdened by long-winded legal instructions that improperly invite the jury to mold its fact-finding to the law and blur its examination of the facts altogether.

Moreover, reflecting the importance of the jury's role as factfinder, the Third Circuit's model instructions admonish that any overview of the offenses be "as plain as possible."  Comment, 3d Cir. Model Crim. Jury Instr. 1.12.  The defendants' proposal ignores this direction.  Such detailed pre-trial instructions on the law also risk substantial confusion at the close of the case, as the evidence admitted at trial ultimately could require different instructions in the final charge.

Further, the defendants' proposed preliminary instructions on the elements are filled with erroneous statements of law, rendering them improper in any event.  Most egregious is the defendants' definition of bribery.  As they have before, the defendants attempt to erase stream of benefits bribery entirely, proposing to tell the jury that "[t]o convict either the giver or receiver of bribery, you must find beyond a reasonable doubt that the person who gave or received the thing of value did so in exchange for the public official agreeing to perform *specific official acts at the time of the alleged* quid pro quo."  Dkt. No. 208 at 22 (emphasis added); *see also id.* at 63-69 (proposing to instruct the jury in the final charge for non-campaign contribution bribery counts that it must find an exchange of things of value for "specific official acts that were agreed upon at the time of the exchange"); *id.* at 90 (proposing to instruct the jury in the final charge that the defendants cannot be guilty on Counts 2 through 8 because those counts do not identify a specific official act).  This is an incorrect statement of bribery law.  As this Court has previously recognized with respect to the non-campaign contribution bribery counts in this case, "[u]nder the stream of benefits doctrine . . . . '[P]ayments may be made with the intent to retain the official's services on an "as needed" basis,'" Dkt. No. 129 at 8 (quoting *United States v. Kemp*, 500 F.3d 257, 282 (3d Cir. 2007)) (second alteration in original), and "bribery 'does not require that each *quid*, or item of value, be linked to a specific *quo*, or official act,'" *id.* at 21 (quoting *United States v. Wright*, 665 F.3d 560, 568 (3d Cir. 2012)).

2

The defendants also want this Court to instruct the jury that lobbying and advocating to the Executive Branch are excluded from those acts that constitute "official acts." *See* Dkt. No. 208 at 27; *see also id*. at 91 (proposing a final instruction explaining that advocacy by a Senator to the Executive Branch is not an "official act"). The Supreme Court in *McDonnell* held the opposite, however, finding that "exert[ing] pressure on *another* official to perform an 'official act'" or "provid[ing] advice to another official, knowing or intending that such advice will form the basis for an 'official act' by another official" can qualify as official acts. *McDonnell v. United States*, 136 S.Ct. 2355, 2370 (2016) (emphasis in original). In addition, the defendants include in their proposed preliminary instructions, divorced from any discussion of prohibited quid pro quo bribery, dicta from cases challenging the applicability of campaign finance regulations that, if included, would have this Court suggest to the jury that campaign contributions can never constitute an unlawful quid. *See* Dkt. No. 208 at 25-26; *see also id*. at 83-86 (proposing that the jury erroneously be told a contribution to a Super PAC only may constitute a bribe if there is coordination in spending between the Super PAC and the candidate). Again, this is incorrect. The Supreme Court has always maintained that campaign contributions can serve as the predicate of a bribe as long as the Government establishes that they are exchanged for a specifically requested exercise of official action. *See McCormick v. United States*, 500 U.S. 257, 273 (1991). Further, specifically with respect to the defendants' request for an instruction that contributions to Super PACs cannot constitute bribes without coordination, *see* Dkt. No. 208 at 83-86, this Court has already rejected the accuracy of this statement of the law. In doing so, the Court recognized that the broad definition of "anything thing of value" continues to include anything on which a defendant places a subjective value, even if it objectively lacks value or is given to another person or entity. *See* Dkt. No. 119 at 4-7.

3

These errors are just a small sampling of the ways in which the defendants' description of the charges are misleading and wrong.  In fact, the defendants' proposed instructions as to what the Government must prove are erroneous for almost every count and in several ways for each count.  *See, e.g.*, Dkt. No. 208 at 16 (suggesting that the jury must find the conspiracy agreement was made only between the two defendants and no one else by describing the second element of conspiracy as: "[t]hat Senator Menendez and Dr. Melgen were the ones to make that agreement"); *id.* (asking that the Court instruct the jury that, for the Travel Act count, it ultimately will need to find that both defendants traveled in interstate commerce, despite the Superseding Indictment's clear allegation that only defendant Menendez traveled in interstate and foreign commerce with defendant Melgen aiding and abetting him, *see* Superseding Indictment ¶ 227).  And, in some instances, the defendants actually shift from one version of what they claim the law requires in their proposed preliminary instructions to another in their proposed final instructions, demonstrating the clear likelihood of confusing the issues if both proposals are adopted by this Court.  *Compare id.* (proposing a preliminary instruction on the Travel Act count that both defendants must have traveled in interstate commerce) *with id.* at 62 (proposing a final instruction on the Travel Act count that only defendant Menendez traveled in interstate commerce, aided and abetted by defendant Melgen).

The defendants' proposed instructions—both preliminary and final—distort what the jury must find to return a guilty verdict in this case, and the defendants seek to have this Court promote their distortions early by providing detailed instructions on the elements of the offenses at the beginning of trial.  The Court should reject the defendants' misstatements of the law and follow the normal course by instructing on the elements only after the presentation of evidence is complete.

4

Respectfully submitted this 5th day of September, 2017.

ANNALOU TIROL
ACTING CHIEF
PUBLIC INTEGRITY SECTION

By:      *s/ Amanda Vaughn*
         Peter Koski
         Deputy Chief
         J.P. Cooney
         Deputy Chief
         Monique Abrishami
         Trial Attorney
         Amanda Vaughn
         Trial Attorney
         Public Integrity Section
         1400 New York Ave. NW
         Washington, D.C. 20005
         Telephone:  (202) 514-1412
         Facsimile:  (202) 514-3003

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: September 5, 2017               *s/ Amanda Vaughn*
                                       Amanda Vaughn
                                       Trial Attorney
                                       Public Integrity Section
                                       Criminal Division
                                       U.S. Department of Justice